MILLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 15—November 9, 1937.*

For the plaintiff in error there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt.*

For the defendant in error there was a brief by *Oscar M. Edwards,* district attorney of Racine county, *Anthony S.*

*De Mark,* assistant district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. De Mark* and *Mr. Edwards.*

FOWLER, J.   The statutes governing the municipal court of Racine county, ch. 72, Laws of 1897, as amended by ch. 117, Laws of 1899, and chs. 83 and 303, Laws of 1909, give to that court jurisdiction of all criminal offenses except murder.   They further provide that "The municipal judge, in addition to the powers vested in said municipal court, . . . shall have all the powers and jurisdiction of a justice of the peace in said county in all civil and criminal actions and proceedings, . . . but shall not have power to hold preliminary examinations."   Proceedings in the latter class of cases therein are governed by the general provisions of law applicable to justice courts, except as to change of venue.   In other actions the rules of practice prescribed for circuit courts apply.

The jurisdiction of a justice of the peace in criminal cases is limited by sec. 360.01 (5), Stats., to trial of charges the punishment for which does not exceed six months imprisonment in the county jail or a fine of $100 or both.   Sec. 359.14, Stats., provides that, when a person is convicted of an offense punishable only by imprisonment in the county jail or by fine or by both, and it is alleged in the complaint and proven or admitted on the trial that he had been before sentenced to imprisonment in a state's prison, and such sentence is of record and unreversed, he may be imprisoned for the offense charged in the state's prison for not more than three years nor less than one year.

The offense charged in the instant complaint is punishable only by imprisonment not exceeding six months in the county jail, or a fine of not more than $100 or both.   Sec. 351.33, Stats.   The complaint also charged previous conviction and sentence to imprisonment in the Michigan state's prison and

that such sentence is of record and unreversed. As under the complaint the defendant could be imprisoned in the state's prison it would seem that the municipal judge, whose trial jurisdiction extends only to cases involving sentence to the county jail, was without jurisdiction to try the instant case. This follows inferentially, also from the decision in *Degutes v. State,* 189 Wis. 435, 439, 207 N. W. 948, which involved a case held not within the jurisdiction of the district court of Milwaukee county. A previous conviction was alleged in connection with a charge of which the district court had jurisdiction. It is there said : "In view of the fact that the court might, under sec. 359.14, have imposed as long a sentence as three years, the case was not within the jurisdiction of the district court."

The state contends that as it has been held that an allegation of a previous conviction in connection with charges of which justices of the peace have jurisdiction is "not of the substance of the offense charged, but simply affected [affects] the degree of punishment to be imposed" (*Dahlgren v. State,* 163 Wis. 141, 143, 157 N. W. 531), justices of the peace have jurisdiction to try such cases. It is also urged that the clause "except as otherwise provided" in the statute limiting the jurisdiction of justices of the peace, sec. 360.01 (5), Stats., brings the instant case within the exception. So to hold would require overruling of the *Degutes Case, supra.* The reasoning that would bring such cases within the exception is fallacious. The exception does not operate to extend jurisdiction. It only operates to limit it. The statute grants the stated jurisdiction unless by some other statute the legislature has taken it away. The legislature by many acts has taken away the jurisdictions of justices of the peace within the territorial limits of other courts, and conferred their jurisdiction on such other courts. It is to these situations, and others similar, if any of the latter there be, that the exception of sec. 360.01, Stats., applies. We cannot impute

to the legislature an intent to give to justices of the peace power in any case to sentence a defendant to state's prison for three years. Intention to grant such extension of jurisdiction should not be inferred in absence of express declaration. The effect of sec. 359.14, Stats., is to throw for trial cases within it, in which the previous conviction is alleged in the complaint beyond the jurisdiction of justices of the peace, and into courts having jurisdiction of state's prison offenses and subject them to the procedure in such cases. *Belter v. State,* 178 Wis. 57, 189 N. W. 270, inferentially supports this position. It is true that the situation there involved was different in some respects. The municipal court in which that case was pending had jurisdiction to hold preliminary examinations, the defendant therein pleaded guilty, and the allegation of former conviction was not in the complaint. But the municipal judge there, as here, assumed to exercise jurisdiction under sec. 359.14, Stats., beyond that of a justice of the peace, and that this court held he could not do.

This disposes of the case except as to the form of our mandate. We have considered whether the mandate should direct dismissal of the instant case, as defendant contends, or direct further proceedings by the municipal judge according to law. The latter course would seem to be proper if the municipal judge had jurisdiction to hold preliminary examinations. But the instant municipal judge is deprived of that jurisdiction. Because of this deprivation and the allegation of previous conviction in the complaint we do not discover in the acts applicable to the instant court or the general statutes any indication that the instant municipal judge could lawfully do anything whatever upon return to him as municipal judge of the instant warrant but dismiss the complaint. He should not have issued a warrant so returnable. The mandate will therefore be for dismissal. Whether dismissal would render the plea of former jeopardy applicable in case of another prosecution for the substantive offense charged

was referred to on the argument, but apparently the plea does not lie upon former proceedings in a case wherein the court was without jurisdiction. See *State v. B——*, 173 Wis. 608, 613, 182 N. W. 474, and cases cited.

*By the Court.*—The judgment of the circuit court is reversed, with directions to reverse the judgment of the municipal court, with directions to the municipal judge to dismiss the complaint for want of jurisdiction to act thereon.