APPLICATION OF WILLER: WILLER, Petitioner, vs. LEE, Warden, Defendant.

*February 18—March 15, 1938.*

For the petitioner the cause was submitted on the brief of *Catlin & Catlin* of Appleton.

The *Attorney General, L. E. Vaudreuil,* assistant attorney general, and *Raymond P. Dohr,* district attorney of Outagamie county, for the defendant.

ROSENBERRY, C. J.   It appears without dispute in this case that the petitioner, Walter Willer, was arrested upon a warrant charging him with being a common drunkard in violation of sec. 348.351, Stats. 1935.   It was also alleged in the complaint that the petitioner had been convicted on five prior occasions, and that all of said convictions remained in force and had not been set aside or reversed.

After stating the fact of the arrest and the fact of filing the warrant in court, the following docket entry appears:

"The defendant is present in court.   The state is represented by District Attorney Sigman.   Thereupon the complaint is read to the defendant and he pleads guilty thereto.

"Thereupon it is adjudged by the court that the defendant, Walter Willer, is guilty of the offense charged in the complaint and it is ordered that he be committed to the Wisconsin state prison at Waupun, Wisconsin, for the period of three years, beginning this day at noon.   And it is further ordered

that he be placed on probation for the term of three (3) years in the custody and control of the state board of control of Wisconsin, upon suspension of sentence."

The petitioner relies upon the decision of this court in *Miller v. State* (1937), 226 Wis. 149, 275 N. W. 894. In that case Miller was charged with the offense of indecent exposure and a prior conviction. The matter was pending before the municipal court of Racine county sitting as a justice court. Upon the trial the petitioner was found guilty and was sentenced to imprisonment in the state prison. Although the municipal court of Racine county had jurisdiction of the offense charged, no jurisdiction was conferred upon its justice branch to impose a sentence of confinement in the state prison. This court therefore held that the sentence was improperly imposed and ordered the petitioner discharged.

The municipal court act of Outagamie county (ch. 23, Laws of 1907; ch. 195, Laws of 1909; ch. 54, Laws of 1913), provides as follows:

"Section 24. 1. Said judge shall have exclusive jurisdiction to institute and conduct examinations in all criminal and bastardy cases arising within said county and the power and jurisdiction to cause to come before him the persons so charged with committing bastardy or criminal offense, and commit them to jail or bind them over as the case may require, *and on a plea of guilty by the accused and a request by him to be sentenced, the said judge shall have power, authority and jurisdiction to sentence the accused for such offense.*"

The municipal court act of Racine county contained no provision comparable to that part of section 24 which is italicized. *Miller v. State, supra,* is therefore not in point.

The record does not disclose that the defendant requested the court to sentence him. It appears from the docket entries he merely pleaded guilty to the offense charged.

The municipal judge of Outagamie county in the issuance of a warrant and the proceeding had was sitting as a justice

of the peace. As such he had no jurisdiction to try the petitioner for the offense charged in the complaint. He would have had no jurisdiction to do anything but bind him over were it not for the provision contained in section 24 of the municipal court act. Sitting as a court of limited and not of general jurisdiction, there is no presumption that the court in a particular case had jurisdiction. That fact must be made to appear from the docket entries. *Crate v. Pettepher* (1901), 112 Wis. 252, 87 N. W. 1104, and cases cited.

In the absence of a request by the petitioner that he be sentenced, the court by the terms of the statute had no jurisdiction to sentence him. While it seems a rather futile proceeding to require, as the act does, that if the person charged with the commission of the offense is brought before the court and enters a plea of guilty he may not be sentenced unless he requests it, nevertheless those are the terms of the act. If he fails to make a request for a sentence, then the only thing the municipal judge acting as a justice of the peace can do is to bind him over for trial, after which, upon renewal of his plea which might be in the other branch of the municipal court for Outagamie county, he might be sentenced because he would then be in a court which had jurisdiction to try the offense. The situation in this case illustrates the anomalous situations that arise because of the fact that attempt has been made to combine the functions of two courts in one. There having been no request to sentence, the sentence imposed by the municipal court was void because without and beyond the jurisdiction of the municipal judge under the facts disclosed by the record in this case, and the petitioner is unlawfully detained.

*By the Court.*—Let the writ of *habeas corpus* issue as prayed in the petition.