STECHER, Plaintiff in error, vs. THE STATE, Defendant in error.

BECK, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 14—April 15, 1941.*

For the plaintiffs in error there were brief by *Leonard C. Fons* and *Joseph A. Wolf,* both of Milwaukee, and oral argument by *Mr. Wolf.*

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

MARTIN, J.   The complaints and warrants were issued and the proceedings had on the justice-of-the-peace side of the municipal court for the Eastern district of Waukesha

county. The act creating this court, as amended, is ch. 279, Laws of 1921. So far as here material that act provides:

"Section 1. . . . It has and may exercise powers and jurisdiction concurrent and equal with the circuit court of Waukesha county in all cases of bastardy, crimes and misdemeanors arising in said Eastern municipal district of said county, except murder. Said municipal court in addition to the powers vested therein as aforesaid, is vested with all the powers and jurisdiction of a justice of the peace in the said Eastern municipal district, in bastardy cases, criminal actions and proceedings, and jurisdiction of all prosecutions for breach of any ordinance of any city or village now or which may hereafter be incorporated in said territory; and also all the powers and jurisdiction of a justice of the peace of said county in civil cases and proceedings arising within the said municipal district, and also power to hear and determine any such case although the title to land may come in question therein. The general provisions of law relative to civil, criminal and bastardy cases before justices of the peace, shall apply to said court so far as applicable. . . . The judgments of the municipal court in bastardy and criminal cases tried before it may be examined and reviewed by the supreme court in the same manner as judgments of the circuit court. To carry out its jurisdiction the said municipal court shall have all the powers of circuit courts, and the municipal judge shall have the same powers in all matters pertaining to the jurisdiction of said municipal court, as circuit judges."

Sec. 348.09, Stats., printed in the margin,[1] provides a punishment not in excess of six months' imprisonment in the county jail or a $100 fine. An offense charged under this

---

[1] "Sec. 348.09 *Permitting use of gambling devices.* Any person who shall knowingly suffer or permit any table, wheel or other construction, or any cards, dice or other device, scheme, contrivance or thing adapted, suitable, devised, designed or which can or shall be used for gambling purposes to be set up, kept, managed or used, or any gambling or betting therewith, thereon or by means thereof in any house, building, shed, booth or on any lot or premises by him owned, occupied or controlled shall be punished by imprisonment in the county jail not more than six months or by fine not exceeding one hundred dollars."

section is within the jurisdiction of a justice of the peace, see sec. 360.01 (5). Sec. 348.07, printed in the margin,[1] provides a penalty up to one year in the county jail or a fine not exceeding $500. The maximum punishment under this section is beyond the jurisdiction of a justice of the peace.

The unequivocal statement of the district attorney in the record shows that he instituted these prosecutions under sec. 348.09, Stats. When defendants were arraigned in court in the forenoon of July 30, 1940, each entered a plea of not guilty. Later that day, they employed counsel who understood that the prosecutions were under sec. 348.09, and on the afternoon of that day defendants, accompanied by their counsel, appeared in court and asked leave to withdraw their pleas of not guilty and to enter pleas of guilty. It was then that the court informed defense counsel and the district attorney that he considered sec. 348.07 applicable to the facts alleged in the complaint and warrant and to the statement of facts as made by the district attorney. No statute section is designated in the complaints or warrants.

There is nothing in the record to show that either of the defendants waived the filing of an information under sec. 348.07, Stats. Defendants' pleas of guilty did, in legal effect, amount only to waivers of the preliminary hearings. Sec. 360.30, in substance, provides that if it appears to the justice

[1] "Sec. 348.07 *Keeping or using gaming devices.* Any person who shall set up, keep, manage, or use any table, wheel or other construction, or any cards, dice or other device, scheme, contrivance or thing of any name or description adapted, suitable, devised or designed, or which can or shall be used for gambling purposes and induce, entice or permit any person to gamble, bet or play for gain with, at, or upon, or by means of, such table, wheel or other construction, or such cards, dice or other device, scheme, contrivance or things, or to bet or wager anything at or upon any game whatever played by such keeper, manager or any other person by means or use thereof, or who shall open, keep or manage any common gambling house shall be punished by imprisonment in the county jail not more than one year nor less than one month, or by fine not exceeding five hundred dollars nor less than one hundred dollars."

of the peace that he does not have trial jurisdiction of the offense charged, he shall immediately stop all proceedings and bind the defendant over for trial to the court having such jurisdiction. That is, in the instant case, the court, exercising the powers of the justice of the peace, should have bound defendants over for trial to the side of the municipal court having circuit court jurisdiction.

The statutes applicable to. proceedings in criminal cases (ch. 355, Stats.) and trials in criminal cases (ch. 357), secs. 355.01, 355.12, 355.17, 355.18, 357.20, and 357.25, provide for the filing of an information in all criminal cases beyond the jurisdiction of a justice court, and under the statutes above mentioned, no distinction is made between misdemeanors and felonies. . Sec. 357.01 refers to issues of fact joined upon any complaint, indictment, or information. Apparently the word "complaint," as used in that section, refers only to justice court convictions appealed to circuit court for trial *de novo*. In such case, it would not be necessary to file an information. In *State v. Slowe,* 230 Wis. 406, 409, 284 N. W. 4, the court said:

"Misdemeanors are commonly prosecuted upon complaint, although they may be prosecuted by indictment or information."

We find no statutory authority for prosecuting a misdemeanor upon complaint except in justice court trials. *State v. Slowe, supra,* involved a justice court trial in which defendant was found guilty and the case was appealed to the circuit court for trial *de novo*. The rule of that case is not applicable here.

In *Application of Willer,* 227 Wis. 284, 278 N. W. 466, defendant was arrested upon a warrant charging him with being a common drunkard in violation of sec. 348.351, Stats. 1935. It was alleged in the complaint that defendant had been convicted on five prior occasions, and that all of said convictions remained in force and had not been set aside or been re-

versed. The municipal court act of Outagamie county provides:

"Section 24. 1. Said judge shall have exclusive jurisdiction to institute and conduct examinations in all criminal and bastardy cases arising within said county and the power and jurisdiction to cause to come before him the persons so charged with committing bastardy or criminal offense, and commit them to jail or bind them over as the case may require, *and on a plea of guilty by the accused and a request by him to be sentenced, the said judge shall have power, authority and jurisdiction to sentence the accused for such offense.*"

Defendant entered a plea of guilty to the offense charged. The record ·did not disclose that defendant requested the court to sentence him. At pages 286 and 287 the court said:

"The municipal judge of Outagamie county in the issuance of a warrant and the proceeding had was sitting as a justice of the peace. As such he had no jurisdiction to try the petitioner for the offense charged in the complaint. He would have had no jurisdiction to do anything but bind him over were it not for the provision contained in section 24 of the municipal court act. . . .

"In the absence of a request by the petitioner that he be sentenced, the court by the terms of the statute had no jurisdiction to sentence him. While it seems a rather futile proceeding to require, as the act does, that if the person charged with the commission of the offense is brought before the court and enters a plea of guilty he may not be sentenced unless he requests it, nevertheless those are the terms of the act. If he fails to make a request for a sentence, then the only thing the municipal judge acting as a justice of the peace can do is to bind him over for trial, after which, upon renewal of his plea which might be in the other branch of the municipal court for Outagamie county, he might be sentenced because he would then be in a court which had jurisdiction to try the offense."

In that case if defendant had been bound over to the branch of the municipal court having circuit court jurisdiction, the

procedure, as provided in ch. 355, Stats., would have required the filing of an information. We conclude that the judgment and sentence in each case must be reversed.

*By the Court.*—The judgment in each action is reversed, and cause remanded for further proceedings according to law.