STATE EX REL. BECK, Plaintiff, vs. BAIRD, Municipal Judge, Defendant.

*October 7—November 4, 1941.*

*Adam Stoecker* of Milwaukee, for the plaintiff.

*Henry J. Lockney* and *D. B. Malone,* both of Waukesha, for the defendant.

WICKHEM, J.    Since the proceedings in this case are at a stage where the trial judge has set a date for sentencing defendant in claimed violation of a mandate of this court, the superintending jurisdiction of this court is not in question. This case has been before this court and is reported in 237 Wis. 587, 297 N. W. 391.    As appeared by the report of that case petitioner was arrested upon complaint and warrant, and proceedings were had on the justice-of-the-peace side of the municipal court for the Eastern district of Waukesha county. There was a plea of not guilty entered, an adjournment granted and bail furnished.    Upon the adjourned date the petitioner entered a plea of guilty to the charge, and the district attorney informed the court that he was proceeding under sec. 348.09, Stats., and that he had so informed petitioner's counsel.    The trial court, however, construed sec. 348.07 as applicable to the offense and statement of facts made by the district attorney.    This section provides a more severe penalty than sec. 348.09, and the maximum punishment under this section is beyond the jurisdiction of a justice of the peace.    The trial court denied a request of petitioner to withdraw his plea of guilty and sentenced him under sec. 348.07.    Upon writ of error this court held that petitioner had not waived the filing of an information under sec. 348.07, and stated that it was the duty of the trial court upon perceiving that it did not have jurisdiction to try and impose sentence under sec. 348.07 to bind the defendants over for trial to the side of the municipal court having jurisdiction. It was further held that there was no statutory authority to prosecute a misdemeanor upon complaint except in justice court trials.    The mandate reversed the judgment against petitioner and remanded the cause for further proceedings according to law.

It appears from the return in this case that the trial court took the view that the decision of this court was to the effect that its error was in ruling that the complaint was under sec. 348.07, Stats., and that plaintiff had pleaded guilty

to a violation of this section, whereas its ruling should have been that the complaint was under sec. 348.09, and that the plea of guilty was to violation of this section; that it considered it to be its duty in the premises to impose sentence upon this plea; that it thereafter denied leave to withdraw the plea of guilty and was about to sentence defendant when the latter asked for and received an adjournment in order to procure testimony relative to his general character, and the degree of his guilt; that before the adjourned date for sentencing it was served with the order of this court.

It is our conclusion that the writ must issue. When the matter was originally before the trial court it was contended by both prosecuting attorney and petitioner here that prosecution was under sec. 348.09, Stats. This contention was overruled by the trial court which held that the prosecution was under sec. 348.07. This ruling was not held erroneous by this court upon plaintiff's writ of error and stands as the law of the case. It was for that reason that this court held that the trial court should have bound plaintiff over for trial to the side of the municipal court having jurisdiction under sec. 348.07. It follows that the reversal of the judgment in no way affected or reversed the trial court's ruling that the complaint was under sec. 348.07, and that the mandate ordered further proceedings in accordance with that ruling. The trial court may not now treat the complaint as one under sec. 348.09 and impose a sentence under its justice court powers. It must bind plaintiff over to the branch of the municipal court having jurisdiction under sec. 348.07 and proceed under the latter section.

*By the Court.*—Let a writ of prohibition issue as prayed for in the petition.