STATE EX REL. MALONEY, Appellant, vs. PROCTOR, Judge, Respondent.*

*September 13—October 22, 1946.*

* Motion for rehearing denied, without costs, on January 14, 1947.

For the appellant there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Norris E. Maloney,* district attorney of Dane county, and oral argument by *Mr. Platz.*

For the respondent there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall.*

Fowler, J.    The case is an appeal by the state from the judgment of the circuit court quashing its alternative writ of prohibition to prohibit the superior court from proceeding to trial of a defendant in a criminal case without first holding a

preliminary examination to bind the defendant over to it for trial.

The appellant claims that the court was about to exceed its jurisdiction by proceeding to try the defendant, Marion Eleanor Aasen, in a criminal case pending in that court while acting with only the jurisdiction and bound by the practice of justice of the peace courts, and that therefore upon conviction of Marion Eleanor Aasen the court would be obliged under sec. 54.03 (3), Stats., to impose a sentence that a justice court is without jurisdiction to impose. (Marion Eleanor Aasen will hereinafter be referred to as the "defendant.") The remedy invoked is proper in a proper case. The circuit court has power, in a proper case, to issue its writ of prohibition against the superior court. *State ex rel. T. L. Smith Co. v. Superior Court*, 170 Wis. 385, 175 N. W. 927. And the writ of prohibition is proper to prohibit a court of criminal jurisdiction in excess of what a justice of the peace may exercise, when bound by justice of the peace practice, in the conduct of criminal cases of which a justice of the peace has jurisdiction, from exercising jurisdiction in excess of what a justice of the peace may exercise. *State ex rel. Beck v. Baird,* 238 Wis. 624, 300 N. W. 752.

The defendant was charged with fornication in a complaint alleging her to be a single female over the age of sixteen years. The penalty for the offense of fornication is six months in the county jail or a fine not exceeding $100 or both. Sec. 351.05, Stats. Of an offense so punishable a justice of the peace has jurisdiction. Sec. 360.01 (5). In criminal cases brought in the superior court of which a justice of the peace has jurisdiction, the court proceeds according to justice court practice, in which no preliminary examination is held, and the court proceeds upon the complaint without an information being filed. Sec. 12, ch. 217, Laws of 1929; secs. 360.06, 360.10, Stats.

Sec. 54.03 (3), Stats., provides that "in lieu of the penalty provided by statute, . . . under which . . . [the defendant]

is tried, the court *may* commit any female person except those convicted of murder in the first or second degree to the home for women for a general or intermediate term, which term shall not exceed five years; . . ." and sub. (4) of sec. 54.03 provides that all courts of record, of which the superior court is one, having jurisdiction "shall have the power to commit as provided in subsection (3)."

On trial of a criminal case before a justice of the peace, if it shall appear from the evidence that there is probable cause to believe the defendant guilty of an offense of which the justice has not jurisdiction to impose the penalty for that offense prescribed by statute, the justice shall stop the trial and bind the defendant over to a court for trial that has such jurisdiction. Sec. 360.30, Stats. The superior court is bound to follow that practice, sec. 12, ch. 217, Laws of 1929; *Stecher v. State*, 237 Wis. 587, 592, 297 N. W. 391.

When arraigned before the superior court the defendant, according to the petition, the truth of which the motion to quash admits, interposed "a special plea in bar, or in the alternative a plea of not guilty." The district attorney at this time called to the attention of the court, sec. 54.03 (3), Stats., and requested the court to set the case down for a preliminary hearing. The court denied the request and instead set the case down for trial. When the case was called for trial, the attorney for the defendant withdrew the special plea. The district attorney then again called the court's attention to sec. 54.03 (3). The court then ruled that it had jurisdiction to try the case on the complaint. The petition alleges and the parties stipulated that the court would so try the case unless enjoined by a writ of prohibition.

It is to be noted that sec. 54.03 (3), Stats., above stated, is not mandatory in its terms. It only provides that "in lieu of the penalty provided by statute . . . the court *may*" pronounce sentence under that statute. The terms of the statute obviously leave it to the court to determine whether to sentence under that statute or the general statute prescribing the penalty for the offense. The superior court so ruled and so did the

circuit court. That the power of the court to sentence under sec. 54.03 (3) is discretionary is emphasized by sec. 54.03 (4) which declares only that courts of record having criminal jurisdiction "shall have the power" to commit as provided by sub. (3) regardless of their other statutory jurisdiction. The obvious meaning is not that such courts must sentence under sub. (3), but that they have power to do so. We construe sub. (3) as did the circuit court.

It follows that the judgment of the circuit court must be affirmed unless sec. 54.02 (3), Stats., otherwise requires. It provides that "female persons over eighteen years of age *shall* be committed to the Wisconsin home for women." This section is mandatory, and justices of the peace, and the superior court sitting as a justice court, have no jurisdiction to sentence female persons over eighteen years of age to that institution. Their sentences of imprisonment must be and cannot exceed that prescribed for the offense charged, sec. 360.21, which here is to the county jail not to exceed six months. Sec. 351.05. But there is nothing in the instant record showing that the defendant is "over eighteen years of age." The only reference to her age in the record is contained in the complaint, which merely states her age as over sixteen. If she is sixteen or seventeen years of age, sec. 54.02 (3), does not apply. We may surmise that if in course of the trial of the defendant it appears that she is over eighteen years of age, it will then be the duty of the court to stop the trial and bind her over for trial either to the circuit court or the superior court upon an information so charging her age. But that case is not now before us and we cannot here decide it.

*By the Court.*—The judgment of the circuit court is affirmed.

RECTOR, J., took no part.

The following opinion was filed January 14, 1947:

FOWLER, J. (*on motion for rehearing*). The state moves for a rehearing grounding its motion on the claim that the de-

cision apparently overrules, without mentioning them, the decisions of this court that hold that in cases under the repeater statute, sec. 359.14, Stats., when a previous conviction is charged or made to appear a justice of the peace has no jurisdiction to try misdemeanors of which he would otherwise have jurisdiction.

The opinion of the court as filed is based upon the language of subs. (3) and (4) of the statute involved, which reads as follows:

"Sec. 54.03 (3) In lieu of the penalty provided by statute, or city or village ordinance, under which said offender is tried, the court may commit any female person except those convicted of murder in the first or second degree to the home for women for a general or indeterminate term, which term shall not exceed five years in any case, subject to the power of release from actual confinement, by parole or absolute discharge by the state department of public welfare or by pardon, as provided by law.

"(4) All courts of record having criminal jurisdiction in this state, regardless of their jurisdictions as otherwise defined by statute, shall have the power to commit as provided in subsection (3)."

The conclusion of affirmance reached by the court in that opinion is correct, but the relator's contention on the motion for rehearing requires us to consider not only the language of sec. 54.03, Stats., but other statutes. These other statutes lead us to conclude that sec. 54.03 does not apply to misdemeanors of which justices of the peace, and hence the superior court of Dane county sitting as a justice of the peace, have jurisdiction.

Ch. 54, Stats., is entitled "State Reformatory and Home for Women." Sec. 54.015 (1), Stats., provides:

"The Wisconsin industrial home for women and the Wisconsin prison for women are hereby consolidated into one institution to be known as the Wisconsin home for women which shall be the general prison for the punishment and reformation of all female offenders committed and sentenced according to law by any court of the state of Wisconsin or any court of the

United States held in the districts of Wisconsin to imprisonment therein."

The language of this section makes the Wisconsin home for women (hereinafter referred to as the "home" or "the home for women") the only prison to which women can be sentenced. The only courts that may sentence convicted females to the home for women are those that have jurisdiction to sentence to a prison as distinguished from the county jail. Sec. 54.02 (3), Stats., provides that females over eighteen shall be committed to the home for women, and sec. 54.03 (3) provides that in lieu of the statutory penalty for the offense charged the court may sentence a female over sixteen years of age to that home. Justice courts have not such jurisdiction. The extreme sentence of imprisonment they may impose is six months in the county jail, sec. 360.01 (5), which is the extreme sentence of imprisonment for fornication, sec. 351.05.

That sec. 54.03, Stats., does not apply to cases of which justices of the peace have jurisdiction appears from sub. (1) of that section which provides :

"Except as provided in subsections (2) and (3), the sentence of any person except those convicted of murder in the first or second degree shall be for a term not less than one year and shall be for a general or indeterminate term not less than the minimum nor more than the maximum term of imprisonment prescribed by law for the offense. In imposing the term, the court may fix a term less than the maximum prescribed by law for the offense. Such general sentence shall be substantially as follows :

"You are sentenced to the Wisconsin state reformatory or to the Wisconsin home for women for a general or indeterminate term of not less than . . . (the minimum for the offense) years, and not more than . . . (the maximum fixed by the court) years.

"Such sentence shall have the force and effect of a sentence for a maximum term," etc.

It is to be noted that sub. (1) of sec. 54.03, Stats., above quoted applies to both male and female persons, but it applies only to those convicted of a felony or misdemeanor punishable

by imprisonment for at least one year. Thus sub. (1) of sec. 54.03 excludes justice courts from its application.

The above sufficiently excludes the superior court of Dane county from application of sec. 54.03 (3), Stats., unless sub. (4) of the section includes it as a "court of record." That subsection reads:

"(4) All courts of record having criminal jurisdiction in this state, regardless of their jurisdictions as otherwise defined by statute, shall have the power to commit as provided by subsection (3)."

The superior court of Dane county was created by ch. 217, Laws of 1929. Sec. 2 of that chapter provides:

"The superior court of Dane county shall be a court of record with a seal to be designated and procured by the judge thereof at the expense of the county of Dane."

Sec. 12 of that chapter provides that the superior court—

"is vested with all the *powers and jurisdiction of a justice of the peace* in said county, in original actions and proceedings, and exclusive jurisdiction of all prosecutions for breach of the charter or of any ordinance or by-law of the city of Madison, and, to exercise such jurisdiction, *shall hold the superior court as courts are held by justices of the peace,* and the clerk of said superior court shall act as the clerk of said court when it is held as a justice court and when the judge thereof is sitting as an examining magistrate, and is hereby authorized and empowered to administer oaths and perform the other duties of his position *the same as when the said superior court is sitting as a court of record. . . .*"

This court held in *State v. Kriegbaum* (1927), 194 Wis. 229, 231, 215 N. W. 896, that—

"It was the law of Wisconsin before this provision of the constitution [sec. 15, art. VII] was adopted and it has uniformly been held under this constitutional provision that 'Justices' courts are not courts of record, and do not proceed according to the course of the common law, and so far as their powers are concerned, they are confined strictly to the authority given them by the statute. They can take nothing by im-

plication, but must show the power which they exercise to be expressly given them in every instance."

Because of this holding and the provision of sec. 12, ch. 217, Laws of 1929, above quoted, that when exercising the jurisdiction of a justice of the peace the court shall hold the superior court as courts are held by justices of the peace and the clerk shall perform the duties of his position the same as when the court is sitting as a court of record, we hold that the superior court of Dane county is not a court of record within the meaning of sub. (4) of sec. 54.03, Stats., when sitting as a justice of the peace.

The effect of the above may be summarized as follows: The home for women is by express declaration of sec. 54.015 (1), Stats., a prison, and it is beyond the power of a justice court or a court sitting as such to sentence a female thereto. Such sentence can be imposed only by a court that has power to sentence to a prison, and power to sentence for a felony or for a misdemeanor for a year in the county jail under the repeater statute, sec. 359.14. By sec. 54.02 (3) a female over eighteen years of age must be, and by sec. 54.03 (3) a female over sixteen may be sentenced to the home. As the offense with which the defendant Aasen is charged is fornication, the imprisonment penalty for which cannot exceed six months and must be to the county jail, the offense does not come within the provisions of ch. 54, Stats.

There is apparent conflict between sec. 54.03 (3), Stats., and sec. 54.02 (3), enacted by ch. 343, Laws of 1945. The one provides that females over eighteen years of age shall be committed to the women's home; the other that females over sixteen may be so committed. In view of the provision of ch. 54, Stats., we consider that there is no real conflict, because the provision of sec. 54.03 (3) does not govern the extent but only the place of imprisonment. The language "In lieu of the penalty provided by statute, or city or village ordinance" must be so construed, else it would reduce the punishment for any crime committed by a female over eighteen years to five

years. The legislature cannot have so intended. Sec. 54.03 (3) is applicable only to female persons under eighteen and over sixteen who are convicted of offenses the imprisonment punishment for which is not less than one year. If the maximum punishment of imprisonment is less than a year sec. 54.03 (3) does not apply. The superior court, sitting as a justice of the peace, having jurisdiction of the offense of fornication, should proceed with the trial of that offense. If in the course of the trial it should appear that the defendant was guilty of an offense the imprisonment punishment for which exceeds one year, as for instance incest or adultery, secs. 351.21 and 351.01, of which a justice court has no jurisdiction, the justice should in accordance with the provisions of sec. 360.30 stop the proceeding and bind the defendant over for trial to the circuit court or the upper branch of the superior court. The "surmise" in the original opinion, *ante,* p. 381, 24 N. W. (2d) 698, suggesting that if it merely appears on the hearing that the defendant is over eighteen such course should be pursued, is erroneous, and statements in that opinion inconsistent herewith are withdrawn.

It may be suggested that the construction of sub. (3) of sec. 54.03, Stats., urged by the state would raise eventually constitutional questions that quite likely could not be overcome. If a male person were convicted for the first time of driving an automobile past a stop sign at an arterial without stopping he could only be punished by a fine of not exceeding $10; secs. 85.91 (1), 85.69; while an intermediate sentence up to five years' imprisonment in the women's home could under the language of the subsection be imposed on a sixteen-year-old girl. The same holds as to a female over eighteen years of age under sec. 54.02 (3) and as to a female convicted of violation of a village or city ordinance, under sec. 54.03. Would not such a sentence violate both the equality clause of the Fourteenth amendment to the United States constitution and the cruel-and-unusual-punishment clause of sec. 6, art. I, of the constitution of Wisconsin? These questions are of course not before us and we cannot here decide them, but we can at least state them.

The above seems to cover all that is necessary or proper for us now to decide. As no prior conviction is here alleged, it is not necessary or proper to determine the proper procedure under sec. 359.14, Stats. That statute is entirely beside the instant case, so far at least as has yet appeared. It is also unnecessary to discuss the suggestion made in the motion for rehearing that starting to try the case on the fornication charge places the defendant in jeopardy under the holding in *Belter v. State,* 178 Wis. 57, 61, 189 N. W. 270, so that she cannot be tried for any higher offense if any appears in course of the justice hearing. We suggest however that the decisions in *Stecher v. State,* 237 Wis. 587, 297 N. W. 391, and *Pepin v. State ex rel. Chambers,* 217 Wis. 568, 259 N. W. 410, seem at first blush contrary to the *Belter* decision on the point of jeopardy, but as the point is not here involved we do not here assume to decide it.

As the defendant is charged with a misdemeanor the maximum punishment by imprisonment cannot exceed six months in the county jail, the superior court of Dane county, sitting as a justice of the peace, has jurisdiction of the offense with which she is charged; therefore the provisions of ch. 54, Stats., do not apply and the superior court is entitled to proceed with the trial. This conclusion requires no change of the mandate.

*By the Court.*—The motion for rehearing is denied without costs.

RECTOR, J., took no part.