Conrad Eugene KLINE, Petitioner,

v.

John C. BURKE, Warden, Respondent.

No. 65-C-65.

United States District Court
E. D. Wisconsin.

April 5, 1965.

Conrad Eugene Kline pro se.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

GRUBB, District Judge.

Petitioner is in custody pursuant to conviction and sentence of an indeterminate term not to exceed fifteen years, imposed on September 13, 1956, on his plea of guilty to an information charging him with armed robbery, in the county court of Shawano County, the Honorable C. B. Dillett, county judge presiding.

As grounds entitling him to the relief requested petitioner alleges as follows:

1. He was not advised on arraignment of his rights to counsel, to face and examine his accusers and to subpoena witnesses, or of his right to a preliminary hearing. He did not waive these rights.

2. He was held about 15 days in the county jail, questioned and taken to trial without counsel although he asked at least three people for a lawyer. He was without funds.

3. No record was made of his arraignment, nor of any waiver to a preliminary hearing. No records were made until the morning of sentencing.

Among other grounds, petitioner raised similar contentions in his petition for issuance of a writ of habeas corpus before the Supreme Court of Wisconsin.

That court ordered a return to the petition and referred issues of fact to the circuit court for Shawano County, Wisconsin, the Honorable Andrew W. Parnell, circuit judge presiding. Appointed counsel represented petitioner on the hearing. The circuit judge made findings of fact, and on return of the record to the Supreme Court, that court, over objections of petitioner, ordered the confirmation of the findings and denied the petition. Transcript and copies of exhibits of the hearing, the findings of the court and the per curiam decision of the Supreme Court are submitted in the response in the instant proceeding.

Petitioner raises what may at first appear to be a question of fact concerning his right to counsel. His claim is based on a misunderstanding as to the nature of the underlying state criminal proceedings. On August 23, 1956, petitioner was brought before the magistrate, the Honorable C. B. Dillett, for a preliminary examination, not for arraignment. He was not required to enter a plea, nor did he in fact plead at that time. See "Comment of Advisory Committee, 1949", W.S.A. 954.04, which states:

" * * * The practice of 'arraigning' defendants before the committing magistrate is incorrect. The question at that stage is not whether the accused is guilty or not, but whether he desires a preliminary examination or wishes to waive it. See Stecher v. State (1941) 297 N.W. 391, 237 Wis. 587."

■ The record of the hearing before the magistrate on August 23, 1956, as shown by the judge's certificate and docket entries filed on August 24, 1956, Exhibit F of the Response here, and Exhibit 6 of the state court habeas corpus hearing, discloses that petitioner waived preliminary hearing. Failure to be advised of his right to counsel, or lack of representation by counsel on waiver of the right to hearing in the preliminary examination in Wisconsin state courts is not a denial of a constitutional right. Odell v. Burke, 281 F.2d 782 (7th Cir.

1960), cert. den. 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96, rehearing den. 372 U.S. 932, 83 S.Ct. 875, 9 L.Ed.2d 736.

■ Petitioner raised no question as to the authenticity or correctness of the record of the August 23, 1956, proceeding in the state court habeas corpus hearing. He was asked by his counsel whether he had told his whole story, and whether he was satisfied that all facts had been brought out to his satisfaction, and he indicated that this was so. Having failed to do so in the state court, petitioner cannot now challenge the validity of the record.

■ Petitioner's arraignment took place on September 13, 1956. At that time petitioner was informed of the charges pending against him, the seriousness of the offense, and the possible penalty it carried, as well as of his right to counsel at public expense. Petitioner waived his right to counsel and entered a plea of guilty. Judge Parnell, who had occasion to observe petitioner, and characterized him as of sound mind, found on the basis of the evidence of record that petitioner understood the charge against him and entered his plea of guilty freely, voluntarily and understandingly without threat, promise or intimidation. Petitioner does not challenge his finding. It may further be noted that petitioner was aware of the consequences of his plea of guilty, having been apprised by the court of the penalty on the offense with which he was charged, that he did not request the court to be afforded the opportunity to face his accusers or offer witnesses in connection with his plea of guilty, and that he was not inexperienced in criminal matters. Under these circumstances there is no denial of a constitutional right. Taylor v. Holman, 222 F.Supp. 482, 484 (N.D.Ala.1963), aff'd 330 F.2d 497 (5th Cir. 1964) (1st case). Failure to take the precautionary safeguards proposed for proceedings on arraignment in State ex rel. Burnett v. Burke, 22 Wis.2d 486, 126 N.W.2d 91 (1964) does not establish that there was a denial of constitutional rights in this case. See Aiken v. United States, 296

F.2d 604, 607 (4th Cir. 1961). Horwath v. Burke, 236 F.Supp. 674, 675 (E.D.Wis. 1965).

In the state court habeas corpus proceedings, petitioner contended that his waiver of an attorney was induced by threats of the district attorney that he would get a term of thirty years if he put the county to expense. Petitioner's unsupported testimony was contradicted by that of the district attorney and the court found that petitioner had not sustained his burden. In the instant proceeding, petitioner merely claims that he was detained for fifteen days, questioned during this period and denied requests for an attorney addressed to the jailer, the sheriff, and the district attorney. In view of the subsequent competent waiver of counsel before the court and the entry of a plea of guilty, lack of representation by counsel during the detention period was not prejudicial.

Petitioner has failed to show that there was a denial of his constitutional rights in the state criminal proceedings. The petition must be and it is hereby denied.