STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert MUDGETT, Defendant-Appellant.

Court of Appeals

No. 80–549. Submitted on briefs October 24, 1980.—
Decided November 21, 1980.
(Also reported in 299 N.W.2d 621.)

For the defendant-appellant there was a brief by Robert E. Henke of Neenah.

For the plaintiff-respondent there was a brief by Dee R. Dyer, assistant district attorney, of Oshkosh.

Before Voss, P.J., Brown and Scott, J.J.

BROWN, J. This is an appeal from a conviction of operating a motor vehicle while intoxicated, second or subsequent offense—a traffic crime. The state issued a uniform traffic citation which served as the charging document for the institution of proceedings. The defendant pled not guilty by letter but later moved to dismiss the complaint based on the same arguments discussed in *State v. White.*[1] The trial court ruled the defendant waived his right to object to the use of the citation as the charging document when he pled not guilty, thus submitting himself to the jurisdiction of the court. We hold personal jurisdiction was not waived and vacate the conviction.

Robert Mudgett was arrested for operation of a vehicle while intoxicated on October 30, 1979. He was issued a uniform traffic citation notifying him to appear in court on a date certain. Thereafter, Mudgett hired a lawyer who wrote the court requesting that a not guilty plea be entered. The record shows receipt of the letter, and a jury trial was set by the court. The record does not show whether the jury trial was set pursuant to the Criminal Procedure Code under ch. 967 or the traffic court procedure code under ch. 345. No other official proceedings took place until the day of trial. The record notes that the case was subsequently set for a change of plea on the same day originally set by the court for the jury trial.

---

[1] 97 Wis.2d 193, 295 N.W.2d 346 (1980). *White* concluded that when a defendant is charged with an offense which upon conviction carries a mandatory jail term, the complaint must satisfy the requirements of probable cause. Uniform traffic citations do not state probable cause because they do not adequately set forth why the defendants were charged or the reliability of the information contained in the complaint.

Apparently, sometime prior to the hearing on the change of plea, the state informed Mudgett and his counsel that it was proceeding with the case on the basis that this was a second or subsequent offense of operating a vehicle under the influence—a traffic crime. At the hearing, Mudgett's counsel immediately moved to dismiss for want of a criminal complaint. He noted that the citation did not state on its face whether the charge was a second or subsequent offense within five years. Further, he claimed the uniform traffic citation was defective in that it failed to set forth probable cause. Consequently, Mudgett's counsel claimed that the court was without personal jurisdiction to proceed on the matter as a criminal action and only had jurisdiction to proceed under the civil forfeiture provisions of ch. 345.

The state asserted the matter was untimely raised since no motion to dismiss for want of personal jurisdiction was made within ten days of the initial appearance. Mudgett's attorney rebutted that there was no allegation of previous conviction in the case until the day of the change of plea. The trial court ruled the matter untimely raised.

The state seeks to support the trial court's ruling by citing the general rule that when a defendant enters a not guilty plea to the original charge, he submits to the jurisdiction of the circuit court, and this personal jurisdiction continues throughout the final disposition of the case. *Kelley v. State,* 54 Wis.2d 475, 479, 195 N.W.2d 457, 459 (1972).

The state's reliance on the *Kelley* line of cases is inapposite to the case here. In all the *Kelley*-type cases, the essential character of the proceedings in issue was the same. Each *Kelley*-type case was a criminal proceeding from the outset. In each case, the defendant was put on

notice that the substance and sanctions of the criminal law applied.

This case is different. By using the uniform traffic citation to institute legal proceedings, the defendant received notice only that he was subject to the substance and sanctions of noncriminal forfeiture actions which do not require a complaint setting forth probable cause. *State v. White*, 97 Wis.2d 193, 201, 295 N.W.2d 346, 350 (1980). While the uniform traffic citation is sufficient to confer personal jurisdiction under sec. 345.11, Stats., it is not sufficient to confer personal jurisdiction upon criminal proceedings under the Wisconsin Criminal Procedure Code, TITLE XLVII, ch. 967 et seq., Stats. The Criminal Procedure Code requires a complaint setting forth probable cause. *Id.* As a result, when violations of the provisions within the motor vehicle department code are defined by statute as crimes, a traffic court procedure is not used and never was intended by the legislature to be used. *Id.*

Mudgett's attorney wrote a letter pleading not guilty in response to the uniform traffic citation. Nothing in the record indicates that Mudgett had notice he was being charged with a traffic crime but chose to waive the defect in the complaint. The first time he knew the state was charging him with a traffic crime was on the morning of the change of plea hearing. Although no formal amendment was made by the district attorney to change the action from a forfeiture to a crime, the substance and sanctions of criminal law took hold at the time the trial court treated the charge as a second or subsequent offense.

Once the charge is amended from civil to criminal, the case is taken out of ch. 345, Stats., and placed into a ch. 967 criminal procedure setting. Under ch. 970, it is the judge's duty to provide an initial appearance at which time the defendant is informed of the charge and pos-

sible penalties for the offense. Sec. 970.02, Stats. An initial appearance was never held, and no statutorily required complaint was prepared and given to defendant informing him of the possible sanctions he faced. Had such an initial appearance taken place, he would then have had ten days within which to file a motion to dismiss for want of personal jurisdiction due to a defective complaint. Had there been such an initial appearance and the defendant failed to move to dismiss within the ten days, then he would have waived his right to assert the defense. Sec. 971.31(5), Stats. Since he was never afforded the proper initial appearance, his motion on the day of the change of plea was timely. He never submitted himself to the jurisdiction of the court for a criminal charge. He only submitted himself to the jurisdiction of the court for a charge relating to civil forfeiture. He had no informed notice of any possible criminal sanction.

Our conclusion is buttressed by *Stecher v. State,* 237 Wis. 587, 297 N.W. 391 (1941). At the time *Stecher* was decided, there were two similar statutes regulating the use of gambling devices. Violation of one statute was punishable by up to six months incarceration or a fine of $100. Violation of the other statute was punishable for up to one year and a fine of $100. The lesser offense required only the filing of a complaint and jurisdiction was before the justice of the peace. The greater offense required the filing of an information and an appearance before a court having circuit court jurisdiction. Defendants, under the impression they were being charged with violation of the lesser offense, pled not guilty on the morning of the return date but changed the plea to guilty later that afternoon. The justice of the peace, however, considered the other statute applicable to the facts alleged in the complaint and sentenced each defendant to four months in jail on the greater charge.

The supreme court reversed. It took particular note that there was nothing in the record to show that either

of the defendants waived the filing of an information, as required when a defendant was alleged to have violated the statute with the greater sanction. Hence, there was no jurisdiction to proceed.

We conclude the rationale of *Stecher* is applicable. When the essential character of the proceedings change and there is no knowing waiver of the new procedural privileges resulting from the more serious charge, there is no informed waiver of personal jurisdiction. Thus, when Mudgett first learned that the charge was a criminal misdemeanor rather than a civil forfeiture, he was at that point accorded the privilege of challenging the sufficiency of the complaint.

Although unstated in *Stecher,* it is apparent to us that the Wisconsin Supreme Court has long followed the principle that there can be no informed waiver without knowledge of the existence of the rights and facts thus waived. This concept of informed waiver was expressed in *Attoe v. State Farm Mutual Auto Insurance Co.,* 36 Wis.2d 539, 545, 153 N.W.2d 575, 579 (1967), quoting *Rasmusen v. New York Life Ins. Co.,* 91 Wis. 81, 89, 64 N.W. 301, 303 (1895), which stated: "Doubtless, the act out of which the waiver is deduced must be an intentional act, done with knowledge of the material facts, . . . ." A waiver is the intentional relinquishment of a known right, although it is not necessary to prove an actual intent to waive. *See also, Swedish American Nat. Bank v. Koebernick,* 136 Wis. 473, 479, 117 N.W. 1020, 1023 (1908). The intention to relinquish an existing right or advantage is generally regarded as essential to a valid waiver. Therefore, the person against whom the waiver is asserted must have knowledge, either actual or constructive, of the existence of his rights or the facts upon which they depend. Waiver cannot be established by a

consent given under a mistake of fact. *Davies v. J. D. Wilson Co.*, 1 Wis.2d 443, 467, 85 N.W.2d 459, 471 (1957).

Although *Attoe* and its progeny are civil cases, the *Attoe* principle has been applied in the criminal context. In *Walberg v. State*, 73 Wis.2d 448, 461, 243 N.W.2d 190, 197 (1976), the supreme court stated:

At common law a waiver is established by showing that the party against whom the waiver is asserted had at the time knowledge, actual or constructive, of the existence of his right and of the facts on which those rights depended. Ignorance of a material fact negatives a waiver and a waiver cannot be established by a consent given under mistake of fact. In *Attoe v. State Farm Mut. Automobile Ins. Co.* this court held that the knowledge of facts by the party against whom waiver is asserted may be constructive as well as actual. "Constructive knowledge" was defined as the "knowledge which one who has the opportunity, by the exercise of ordinary care, to possess." [Citations and footnote omitted.]

▪ We believe that when the defendant is ignorant of the essential character of the proceeding, there is no knowing waiver. If, however, the record had shown that Mudgett knew or should have known the district attorney was charging him with a traffic crime despite the use of the uniform traffic citation and Mudgett did not challenge the sufficiency of the complaint within the prescribed time limit, we would have a different case. The defendant would have had informed notice of the essential character of the charge against him and would have waived his right to challenge. As appears from the record, such is not the case here.[2]

---

[2] The record shows Mudgett has a prior history of convictions for operating a vehicle while under the influence of intoxicants. One might argue that Mudgett must have known he was being charged with a crime rather than a forfeiture because of his past record. The argument, if made, would be unavailing. The

A defendant's constitutional rights are also implicated by the procedures used in this case. Procedural due process requires that a defendant have notice of the specific charge and an opportunity to address the specific issues raised by the charge at trial. *Randolph v. State,* 83 Wis. 2d 630, 644, 266 N.W.2d 334, 340 (1978). The adequacy of a criminal complaint "is restricted by due process and by art. I, sec. 7 of the Wisconsin Constitution and the sixth amendment to the United States Constitution which guarantees to an accused the right to be informed of 'the nature and cause of the accusation.' " *State v. George,* 69 Wis.2d 92, 97, 230 N.W.2d 253, 256 (1975). We hold that when the uniform traffic citation is issued and the prosecution subsequently decides to prosecute the action as a traffic crime, it must amend the charge pursuant to sec. 971.29, Stats. Upon amendment, the defendant shall then be accorded ten days from the date of the amendment to object to the sufficiency of the complaint. Sec. 971.31 (5) (a), Stats.

Defendant asks this court to mandate that the district attorney has waived his right to amend the complaint and therefore must proceed with the case as a forfeiture. There is no authority for that proposition. The correct remedy is the same remedy as used in *State v. White, supra.* Consequently, we vacate the judgment of conviction and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment vacated and cause remanded.

---

prosecutor has the duty and not the discretion to inform the court and the defendant of the specific charge and the resultant penalties. It is not for the defendant to guess what he is being charged with. Rather, it is the affirmative duty of the prosecutor to inform the defendant of the charge.