State ex rel. Arthur, District Attorney, Respondent, vs. Proctor, Judge, Appellant.

*June 10—July 12, 1949.*

356

For the appellant there was a brief by *Rubin & Ruppa* of Milwaukee, and *Vaughn S. Conway* of Baraboo, attorneys, and *William B. Rubin* of Milwaukee of counsel, and oral argument by *Mr. Rubin* and *Mr. Conway*.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Robert W. Arthur,* district attorney of Dane county, and oral argument by *Mr. Platz*.

FAIRCHILD, J.   There are two separate questions to be determined here: (1) Is the proper venue in this case in Dane

county? (2) Does a writ of mandamus lie to compel a court to exercise its jurisdiction?

(1) The venue for a criminal case is the county where the offense was committed. Sec. 356.01, Stats. The offense in this action was the filing of a false corporation income-tax return. The superior court held that the offense was committed in Columbia county where the accused made out the return. The state contends that the offense was committed in Dane county where the return was required to be filed. It is considered that the latter contention is the correct one. If we were to accept the former, a Wisconsin resident who made out his income tax in an out-of-state city would have committed the offense there. This would lead to taking from Wisconsin a rightful means of protection in maintaining the effectiveness of a proper regulation. It would be contrary to the plain right, which every state has, to determine duties limited, of course, or directly related to state affairs which are peculiar to the state.

(2) A writ of mandamus is the proper remedy here. *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, 175 N. W. 927, is clear authority for that proposition. In that case a writ of mandamus granted by the circuit court for Dane county to compel the superior court to change the venue of a certain case was affirmed. It was held that because an order denying a motion for change of venue was nonappealable under the statutes, mandamus was the proper remedy.

Under sec. 358.12 (3), Stats., the state has the right to appeal "from any final order or judgment, adverse to the state, made or rendered before jeopardy has attached." However, this final order or judgment must be of a court of record because sec. 251.08 gives the supreme court appellate jurisdiction over circuit courts, county courts, or other courts of record. *State v. Hunter,* 235 Wis. 188, 292 N. W. 609. In *State ex rel. Maloney v. Proctor,* 249 Wis. 377, 24 N. W. (2d) 698, 25 N. W. (2d) 742, it was held that the superior court of Dane

358

county is not a court of record when sitting as a justice of the peace. Therefore, a writ of error on behalf of the state could not be taken. The circuit court under *State ex rel. T. L. Smith Co. v. Superior Court, supra,* had power in the exercise of its supervisory jurisdiction to issue the writ of mandamus.

*By the Court.*—Order affirmed. Cause remanded for further proceedings according to law.