STATE, Appellant, vs. FRIEDL and others, Respondents.

*March 9—April 3, 1951.*

For the appellant there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, *Jack R. DeWitt,* acting district attorney of Dane county, and *Roland B. Day,* first assistant district attorney, and oral argument by *Mr. Platz* and *Mr. DeWitt.*

For the respondents Clement A. Friedl, Abe Mintz, Irving Sklar, and Gerald Taborsky, there was a brief by *Murphy & Gavin* and *La Follette, Sinykin & Doyle,* attorneys, and *Albert E. Brandt* of counsel for Clement A. Friedl, and oral argument by *James E. Doyle* and *Stephen E. Gavin,* all of Madison.

For the respondent Ray C. Bareis there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison.

HUGHES, J. The question here presented is whether Judge SACHTJEN was acting as a court or as a magistrate.

Ch. 354, Stats., provides the procedure for the arrest and examination of persons charged with crime. Sec. 354.01, Stats., authorizes certain officials, including judges of courts of record, to issue criminal process and designates all such as magistrates. Sec. 354.02 (5) provides in part:

". . . It [the warrant] shall command that the defendant be arrested and brought before the magistrate."

Sec. 354.04, Stats., requires that every person arrested upon a warrant shall be taken before the magistrate before whom it is returnable.

There can be no doubt that in issuing the warrant Judge SACHTJEN was functioning as a magistrate. The nature of the proceedings and not the form of the order must determine his capacity in entering it.

"Proceedings for the arrest and examination of offenders and commitment for trial, under ch. 195, R. S. [now ch. 354], are not, technically or properly speaking, proceed-

ings in any court. They are proceedings before certain officers, known to the law as magistrates, for the purpose of carrying out the provisions of this chapter; and these are 'the judges of the several courts of record, in vacation as well as in term time, court commissioners, and all justices of the peace,' who are authorized to issue process to carry it into execution. R. S. sec. 4775." *State v. Sorenson* (1893), 84 Wis. 27, 31, 53 N. W. 1124.

"But a proceeding before an examining magistrate is not a judicial trial. It is a mere judicial inquiry, as before indicated, for the purpose of determining whether an offense has been committed and there is a probability that the accused is guilty thereof and should be placed on trial therefor. No plea or issue is necessary. . . . The doctrine of *res adjudicata* does not apply so that the result of one inquiry will preclude another. It is a proceeding that was unknown to the common law,—a mere statutory creation, a personal privilege which the accused must be accorded unless he waives it." *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 239, 85 N. W. 1046.

In *State ex rel. Arthur v. Proctor* (1949), 255 Wis. 355, 38 N. W. (2d) 505, the judge of the superior court of Dane county upon preliminary examination found that the offense had been committed in Columbia county and that the prosecution was not properly brought in Dane county and dismissed the action. The state petitioned the circuit court for Dane county for a writ of mandamus to require the judge of the superior court of Dane county to proceed with the preliminary examination because it appeared that the offense had been committed in Dane county. The circuit court granted the writ. Upon appeal from the order of the circuit court mandamus was held to be a proper remedy. The court said (p. 357) :

"A writ of mandamus is the proper remedy here. *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, 175 N. W. 927, is clear authority for that proposition. In that case a writ of mandamus granted by the circuit court for Dane county to compel the superior court to change the venue of a certain case was affirmed. It was held that because

an order denying a motion for change of venue was nonappealable under the statutes, mandamus was the proper remedy.

"Under sec. 358.12 (3), Stats., the state has the right to appeal 'from any final order or judgment, adverse to the state, made or rendered before jeopardy has attached.' However, this final order or judgment must be of a court of record because sec. 251.08 gives the supreme court appellate jurisdiction over circuit courts, county courts, or other courts of record. *State v. Hunter,* 235 Wis. 188, 292 N. W. 609. In *State ex rel. Maloney v. Proctor,* 249 Wis. 377, 24 N. W. (2d) 698, 25 N. W. (2d) 742, it was held that the superior court of Dane county is not a court of record when sitting as a justice of the peace. Therefore, a writ of error on behalf of the state could not be taken. The circuit court under *State ex rel. T. L. Smith Co. v. Superior Court, supra,* had power in the exercise of its supervisory jurisdiction to issue the writ of mandamus."

Strictly speaking, the language above used is inaccurate. The word "magistrate" should be substituted for the phrase "justice of the peace."

The superior court of Dane county may act as a court of record or a justice court; in either instance it sits as a court. The judge of such court may preside as a magistrate and then he is not sitting as a court.

Likewise, the judge of a circuit court may sit as a magistrate. It was as such that Judge SACHTJEN acted in the instant case.

Counsel for the state contends that an appeal from an order granting an involuntary nonsuit is analogous to the present situation.

The first distinction is that an order of nonsuit is an order of the court. Second, it is made appealable under the provisions of sec. 274.33 (1), Stats.

It is next urged that the language in *State ex rel. Tessler v. Kubiak* (1950), 257 Wis. 159, 163, 42 N. W. (2d) 496, implies that appeal from an order of a magistrate is proper.

"The appellant raises a question which he states as follows:

" 'Where the examining magistrate made a final order discharging a prisoner and gave permission upon motion and request to the district attorney to appeal under sec. 358.12 (1) (a), Stats., was the district attorney thereby limited to such appeal as an exclusive remedy, or could he proceed by the issuance of a new complaint under sec. 355.20, Stats., when such new complaint was predicated upon evidence ruled incompetent by the examining magistrate?' . . .

"In the second preliminary examination additional witnesses were called and further admissible evidence was introduced. The second preliminary examination was properly held and the question of procedure was wholly one to be determined by the district attorney."

No implication that appeal was likewise a proper remedy was intended and no inference to that effect can be drawn.

*By the Court.*—Motion for dismissal of the appeal is granted.