AUGUST SCHMIDT COMPANY, Plaintiff and Appellant, v. HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY and another, Defendants and Respondents. [Case No. 97.]

SAME, Plaintiff and Appellant, v. NEW HAMPSHIRE FIRE INSURANCE COMPANY and another, Defendants and Respondents. [Case No. 98.]

SCHMIDT (HAZEL E.), Plaintiff and Appellant, v. HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Defendant and Respondent. [Case No. 99.]

*February 1—March 2, 1965.\**

\* Companion case previously reported, *Schmidt v. Chapman,* ante, p. 11.

For the appellants there were briefs by *Lichtsinn, Dede, Anderson & Ryan* of Milwaukee, and oral argument by *Karl M. Anderson.*

For the respondents the cause was submitted on the brief of *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Norman C. Skogstad* and *Richard E. Sommer* of counsel, all of Milwaukee.

HALLOWS, J.  At the outset we are met with the defendants' objection that the plaintiffs have not perfected their appeal.  The appeal is from what is designated an "Order on Motions after Verdict as to Liability" which in the plaintiffs' brief is characterized as an interlocutory judgment.  The order grants the defendants' motion for a judgment dismissing the complaints and is not an appealable order under sec. 274.33, Stats.  *Lentz v. Northwestern National Casualty Co.* (1963), 19 Wis. (2d) 569, 120 N. W. (2d) 722.  The order is not a judgment, intermediate or final.  However, after the notice of appeal was served a judgment dismissing the complaints was entered on July 8, 1964, and is before this court in a supplemental return requested by this court.  Under sec. 274.11 (4), this court has jurisdiction of the subject matter of an appeal upon the entry of an appealable judgment.  Under sec. 269.51, dealing with the waiver of irregularities and lack of jurisdiction on appeal, we have held that the formalities involved in an appeal, such as proper notice, relate only to the question of this court's jurisdiction over the parties, not the subject matter of the appeal.  The language in *Jaster v. Miller* (1955), 269 Wis. 223, 69 N. W. (2d) 265, relied on by the defendants, to the effect that parties cannot either by failure to raise the question or by consent confer jurisdiction upon this court to review an order which is not appealable, has been qualified by the amendment to sec. 274.11 (4)

and by recent decisions of this court. It is now established that although no proper notice of appeal has been served if an appealable order or judgment has been entered a respondent by participating in this court in the review of the merits of the judgment without making an appropriate and timely objection to the jurisdiction over his person waives the objection. *Estate of Burns* (1964), 23 Wis. (2d) 175, 127 N. W. (2d) 239; *Baumgarten v. Jones* (1963), 21 Wis. (2d) 467, 124 N. W. (2d) 609; *Town of Madison v. City of Madison* (1960), 12 Wis. (2d) 100, 106 N. W. (2d) 264; *Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. (2d) 594, 106 N. W. (2d) 269. Here, a stipulation was entered into continuing these cases until the hearing and determination had been had in the companion case of *Schmidt v. Chapman, supra.* A stipulation was made extending the time to serve the respective briefs. No motion was made to dismiss the appeal and the question is raised for the first time in the defendants' briefs. The defendants have waived the objection.

This appeal could be decided on the ground that the judgment which was entered dismissing the actions was requested by the plaintiffs and therefore under sec. 270.39, Stats., they have no standing on appeal. See *Fox v. Kaminsky* (1942), 239 Wis. 559, 2 N. W. (2d) 199; *First Wisconsin Trust Co. v. Schmidt* (1921), 173 Wis. 477, 180 N. W. 832; *Ferry v. State* (1954), 266 Wis. 508, 63 N. W. (2d) 741. It is clear from the record the plaintiffs moved after verdict to amend their complaint to conform to the proof in the case against the Hersh Construction & Engineering Company and to enter a judgment dismissing the complaints in these cases on their merits. However, the trial court in its decision on motions after verdict stated that it granted the motion of the defendant insurance companies in these cases for a judgment dismissing the complaints and the order so states. On this state

of the record we prefer not to place the disposition of the appeal on this ground but to consider the merits of the substantive issues raised.

Plaintiffs argue that these cases involving insurance policies should not have been consolidated with the negligence case against Chapman, Hersh, and Saltzmann. The plaintiffs as a matter of right are not entitled to have this question reviewed because they failed to move for a new trial on such ground. *Presser v. Siesel Construction Co.* (1963), 19 Wis. (2d) 54, 119 N. W. (2d) 405; *Clements v. Mutual Service Casualty Ins. Co.* (1961), 13 Wis. (2d) 549, 109 N. W. (2d) 98; *Michalski v. Wagner* (1960), 9 Wis. (2d) 22, 100 N. W. (2d) 354; *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. (2d) 380. We point out, however, the consolidation of cases for the purpose of trial rests largely in the discretion of the trial court and is usually granted in the administration of justice when no prejudice will result from trying the several cases together. *Keplin v. Hardware Mut. Casualty Co.* (1964), 24 Wis. (2d) 319, 129 N. W. (2d) 321, 130 N. W. (2d) 3; *Freuen v. Brenner* (1962), 16 Wis. (2d) 445, 114 N. W. (2d) 782; *Braun v. Wisconsin Electric Power Co.* (1959), 6 Wis. (2d) 262, 94 N. W. (2d) 593. In these cases the same facts which gave rise to a question of negligence in the one and of insurance liability in the others were the same. The cases were not merged together in one case but were only tried together, each keeping its own distinctive characteristics and its own separate judgment.

The plaintiffs contend they were prejudiced because the consolidation of the cases confused the concepts of contract and tort and only a question concerning negligence was submitted. This would be true if the jury were not properly instructed. The plaintiffs requested a separate inquiry of the jury on whether the front-end loader struck the wall of the

plaintiffs' building, which was refused. This denial would have been error if these cases had been tried separately from the negligence case, as that was the only issue in these cases. However, the jury was instructed under the inquiry of Saltzmann's negligence that it could find Saltzmann negligent only if his front-end loader struck the wall. With these instructions the negligence question was not confusing in its dual purpose of also determining the contract issue. The jury's finding that Saltzmann was not negligent under the instructions given can only mean that Saltzmann's front-end loader did not strike the plaintiffs' wall.

Perhaps the most-important issue on this appeal is whether there is sufficient credible evidence to support this finding in the verdict viewed in the light most favorable to the verdict, which is the test on appeal. *Springen v. Ager Plumbing & Heating, Inc.* (1963), 19 Wis. (2d) 487, 120 N. W. (2d) 692; *Bleyer v. Gross* (1963), 19 Wis. (2d) 305, 120 N. W. (2d) 156; *Dickman v. Schaeffer* (1960), 10 Wis. (2d) 610, 103 N. W. (2d) 922. The testimony on this point was conflicting and presented a jury question. Several of the plaintiffs' witnesses testified the front-end loader struck the wall. The men doing the grading testified the wall was not struck by the loader. The plaintiffs point to certain scratches or gouges on the lower wall as providing uncontradicted physical proof that the loader struck the wall. It is argued the verdict cannot stand against this physical evidence, relying on *Nitka v. Van Camp* (1949), 256 Wis. 119, 40 N. W. (2d) 570; *McKnelly v. Brotherhood of American Yeomen* (1915), 160 Wis. 514, 152 N. W. 169, for the proposition that human testimony in contradiction to physical facts and common knowledge will not support a verdict. The difficulty with this contention is the assumption of the time when the gouge marks on the wall were made. The wall collapsed and most of the debris fell into the excavation covering the foundation and footings. This debris was later removed by a

front-end loader. It was testified that after the debris was removed scratches or gouges on the wall were noticed. A jury could have reasonably believed and apparently did that these scratches or gouges on the wall were made when the wall collapsed or during the removal of the debris and not prior to the collapse of the wall. Viewing the evidence most favorable to the verdict we must accept this version and considering the other testimony we must conclude there is credible evidence sufficient to sustain the verdict.

*By the Court.*—Judgments affirmed.