STATE, Respondent, v. KOOPMAN, Appellant.

*February 3—February 28, 1967.*

For the appellant there were briefs and oral argument by *Richard B. McConnell* of Waukesha.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Roger Murphy,* district attorney of Waukesha county.

CURRIE, C. J.   The sole issue involved on this appeal is as follows:

Is an order of a magistrate denying a motion for transfer of the case to juvenile court an appealable order subject to review by this court?

### Order of Magistrate—Appealability of Appellate Jurisdiction of this Court to Review.

The instant action was initiated in the Waukesha county court, branch II, by the filing of a complaint dated June 1, 1966. On June 2, 1966, defendant personally appeared before Judge WILLIAM G. CALLOW sitting as a magistrate. The proceedings outlined in the statement of facts took place on that date. On June 14, 1966, an order was issued signed

> "By the Court,
> WILLIAM G. CALLOW
> County Judge, Branch No. 2"

denying defendant's motion for transfer to juvenile court.

The state contends the order by Judge CALLOW was an order of a magistrate and is not appealable. Counsel for defendant *concedes* the order was that of a magistrate and is not appealable, but contends that since the issue relating to jurisdiction of the juvenile court is of first impression in Wisconsin the appeal should not be dismissed.

Appeal in criminal cases is purely a statutory right. Sec. 958.13, Stats., provides:

"**Appeals to supreme court; time for taking.**   In lieu of prosecuting a writ of error, either party may appeal to the supreme court in the manner provided in civil cases. Either party has one year, after entry of the order or judgment appealed from, to serve notice of appeal or procure the issuance of a writ of error."

A criminal appeal or writ of error may be taken from a final judgment or order in the nature of a final judgment. *Babbitt v. State* [1] defines a final judgment or order in the nature of a final judgment.

"A final judgment or an order in the nature of a final judgment, for the purposes of review by writ of error [or appeal], is a judgment or order which not only affects a substantial right of a party, but in addition, the impact of the judgment or order upon the party's rights cannot be affected by subsequent proceedings before the same tribunal." [2]

*Martin v. State* [3] cited in *Babbitt, supra,* as authority for the foregoing proposition additionally states:

"The general rule is that the writ lies after final judgment, or after an order in the nature of a final judgment, rendered *in a court of law* . . . ." [4] (Emphasis supplied.)

The order upon which defendant has predicated this appeal did not end the proceedings or prevent a final judgment, nor is it an order by "a court of law."

Sec. 251.08, Stats., provides in part:

"The supreme court shall have and exercise an appellate jurisdiction only, . . . which shall extend to all matters of appeal, error or complaint from the *decisions or judgments of any of the circuit or county courts* and shall extend to all questions of law which may arise in said courts upon a motion for a new trial, in arrest of judgment, or in cases reserved by said courts." (Italics supplied.)

Proceedings before a magistrate are not proceedings by a court. [5]

---

[1] (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405.

[2] Id. at page 451.

[3] (1941), 236 Wis. 571, 295 N. W. 681.

[4] Id. at page 573.

[5] See *State ex rel. Jackson v. Coffey* (1963), 18 Wis. (2d) 529, 534, 535, 118 N. W. (2d) 939; *State ex rel. White v. District Court* (1952), 262 Wis. 139, 148, 54 N. W. (2d) 189; *Odell v. Burke* (7th Cir. 1960), 281 Fed. (2d) 782; 50 Op. Atty. Gen. (1961), 19, 23.

"The law ordinarily makes a clear distinction between a magistrate and a court. The distinction exists even where the person who acts in the capacity of a magistrate is also the judge of a court of record." [6]

That the order was signed

"By the Court
WILLIAM G. CALLOW
County Judge, Branch No. 2"

is of no moment. In *State v. Friedl* [7] the state appealed from an order of Judge SACHTJEN, circuit judge, which dismissed criminal complaints filed against the defendants. The order made at the preliminary examination was in form an order of the court having been entered "By the court, HERMAN W. SACHTJEN, Judge." This court held the order was that of a magistrate and was therefore nonappealable. With respect to the form of the order it was said the nature of the proceedings, not the form of the order determined whether the judge acted as a magistrate or a court.

In *State ex rel. Arthur v. Proctor* [8] this court held it lacked jurisdiction under sec. 251.08, Stats., to review an order of the judge of the superior court of Dane county, who while presiding as a magistrate, granted a motion for a change of venue and dismissed the complaint. It was therein stated:

". . . [a] final order or judgment must be of a court of record because sec. 251.08 gives the supreme court appellate jurisdiction over circuit courts, county courts, or other courts of record." [9]

Judge CALLOW'S order denying defendant's motion for transfer to juvenile court is a nonappealable order.

[6] *State ex rel. Jackson v. Coffey*, footnote 5, *supra*, at page 534. See also the cases cited therein at footnote 6, page 535.

[7] (1951), 259 Wis. 110, 47 N. W. (2d) 306.

[8] (1949), 255 Wis. 355, 38 N. W. (2d) 505.

[9] Id. at page 357.

Since it is an order of a magistrate and not an order of a court of record this court lacks jurisdiction under sec. 251.08, Stats., to review the same. The appeal therefore must be dismissed.

*By the Court.*—Appeal dismissed.