HENRY, Plaintiff and Respondent, v. BEATTIE, Defendant and Appellant: WHITE RIVER CORPORATION, d/b/a GENEVA INN, Defendant and Respondent.

*No. 46. Argued October 31, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 613.)

For the defendant-appellant there was a brief by *Godfrey, Godfrey & Neshek* of Elkhorn, and oral argument by *Thomas G. Godfrey*.

For the plaintiff-respondent there was a brief and oral argument by *John J. Byrnes* of Elkhorn.

HANLEY, J. The principal issue on this appeal is whether the order of January 26, 1968, vacating the judgment of dismissal, is an appealable order.

We think the order is not appealable and the appeal should be dismissed.

"An order opening or vacating a judgment and permitting further proceedings is not a final order and, accordingly, not appealable under sec. 274.33 (2), Stats., even

though it affects a substantial right and is made, obviously, in an action after judgment. . . ." *Buckley v. Park Building Corp.* (1965), 27 Wis. 2d 425, 430, 134 N. W. 2d 666.

Although the only part of sec. 274.33, Stats., which was put in issue in the above-cited case was sub. (2), it is obvious that the appeal at bar would not fit under any other subsection of the statute.

The defendant in his brief recognizes that the above quotation summarizes the applicable law in Wisconsin. Defendant argues, however, that he would be unduly harmed by being forced to defend this lawsuit before bringing the same ultimate issue [3] to this court as an appeal from a judgment. Apparently defendant is requesting this court to hear the merits of this case in the interest of justice, even though the order is not appealable.

". . . The right to appeal is statutory and exists only when and to the extent that the statute grants it. . . .

"Neither the waiver or consent of a respondent, *nor the willingness of this court to consider a matter in the interests of justice,* gives us authority to take jurisdiction where none is conferred by law. . . ." *Jaster v. Miller* (1955), 269 Wis. 223, 234, 69 N. W. 2d 265. (Emphasis supplied.)

Admittedly, the position this court took in the *Jaster Case, supra,* has been modified by the subsequent addition to the statutes of sec. 274.11 (4), Stats.,[4] and by later cases. The modified rule was announced in *August*

---

[3] The issue the defendant seeks to have this court review is whether the trial court abused its discretion in vacating the judgment of dismissal.

[4] "The right of appeal shall exist from the time of the entry of the appealable order or judgment and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements of subs. (1), (2) and (3) and of this chapter shall relate only to the jurisdiction of the court over the parties to the appeal."

*Schmidt Co. v. Hardware Dealers Mut. Fire Ins. Co.* (1965), 26 Wis. 2d 517, 521, 522, 133 N. W. 2d 352:

". . . The language in *Jaster v. Miller* (1955), 269 Wis. 223, 69 N. W. (2d) 265, relied on by the defendants, to the effect that parties cannot either by failure to raise the question or by consent confer jurisdiction upon this court to review an order which is not appealable, has been qualified by the amendment to sec. 274.11 (4) and by recent decisions of this court. It is now established that although no proper notice of appeal has been served *if an appealable order or judgment has been entered* a respondent by participating in this court in the review of the merits of the judgment without making an appropriate and timely objection [5] to the jurisdiction over his person waives the objection. . . ." (Emphasis supplied.)

Even under this modification, however, an appealable order or judgment must be involved in the case before this court has jurisdiction. Neither the record nor the briefs of the parties indicate that an appealable order or judgment has been entered in this case.[6]

Defendant also contends on this appeal that the trial court erred in considering additional evidence on the motion to vacate and that its study is limited by the statute to a "review" and nothing else.

We do not reach defendant's contention as to the restrictiveness or limitation of the review statute as contended by defendant because of our conclusion that the appeal must be dismissed.

*By the Court.*—Appeal dismissed.

---

[5] Apparently the "appropriate and timely objection" referred to is a motion to dismiss the appeal.

[6] Except the original judgment of dismissal which has since been vacated.