UTECHT and wife, Appellants, v. STEINAGEL and others, Respondents.

*No. 6. Argued March 27, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 674.)

508

510

512

For the appellants there were briefs and oral argument by *Jerome A. Maeder* of Wausau.

For the respondents there was a brief by *Tinkham, Smith, Bliss & Patterson* of Wausau, and oral argument by *Richard P. Tinkham.*

BEILFUSS, J. The appellants contend the verdict is inconsistent and invalid under the statutory five-sixths rule.

The respondents argue that the claims for damage by the appellant-husband constitute a separate cause of action and that the verdict is not inconsistent nor invalid under the five-sixths rule.

The respondents assert that Clarence Utecht's cause of action is separate from that of his wife by virtue of ch. 246, Stats., which provides that a married woman may sue in her own name, including claims for personal injuries and damages. Further, sec. 246.07 provides that a husband can maintain a separate action for any losses or damages sustained by him.

Although the husband's cause of action for medical expenses and his loss or consortium can and should be stated separately, in this case it is derivative. Success in his suit for damages depends on whether Lorna Utecht sustained a compensable injury in the automobile accident of August 2, 1968.

This court in *Sulkowski v. Schaefer* (1966), 31 Wis. 2d 600, 143 N. W. 2d 512, stated at page 608:

"It is the general rule that a plaintiff who has been injured by tortious conduct is entitled to recover the reasonable value of medical and similar services reasonably required by the injury. This is simply an element of damages for the tort. Wisconsin follows this rule, generally, but recognizes that where the injured person is a minor child or married woman, the tort creates in the parent or husband a cause of action for the value of the care made necessary by the wrongful act and such element of damages may not be included in the recovery of the injured person."

Also in *Stuart v. Winnie* (1935), 217 Wis. 298, 258 N. W. 611, this court said at page 305:

". . . As was then held, the husband's loss, due to the loss of his wife's services and to his expenditures for her medical treatment, etc., arise out of her cause of action for the tort which caused personal injury to her; and, but for the existing marital relation and his resulting obligations and rights, she alone would be entitled to recover for the loss sustained on account of those items. . . ."

Because the husband's cause of action is derivative and dependent upon his wife's injury, if, in the trial, she fails to persuade the jury that she was injured, then of necessity his cause of action must fail. He cannot recover damages because of an injury the jury found to be nonexistent.

In this case the jury in effect found the wife was injured in the accident when it awarded the husband $1,000 for medical expenses for treatment of that injury. It further found in effect that she was not injured when it returned a verdict finding she was not entitled to any compensation for personal injuries. The verdict is inconsistent and upon this ground alone a new trial must be ordered.

We are of the further opinion the verdict must be set aside and a new trial ordered because the verdict does not comply with the five-sixths statute.[1]

The damage questions of the verdict are as follows:

"Sixth Question:
"What sum of money will fairly and reasonably compensate the plaintiff, Clarence Utecht, for his damages, if any, resulting from the collision with respect to:

---

[1] Sec. 270.25 "Verdicts; five-sixths; directed. (1) A verdict agreed to by five-sixths of the jurors shall be the verdict of the jury. If more than one question must be answered to arrive at a verdict on the same cause of action, the same five-sixths of the jurors must agree on all such questions."

"(a) Medical expense? Ans: $ 1,000.00
"(b) loss of society, services and
 companionship of his wife? Ans: $ 0
"Seventh Question:
"What sum of money will fairly and reasonably compensate the plaintiff, Lorna Utecht, for her personal injuries?

Ans: $ 0

"Dated September 10, 1970.

/s/ Walter K. Brinkmann
Foreman ~~(or forelady)~~

"Dissenting Jurors:
"/s/ Roland Schultz as to question 6 A
"/s/ Al Mathieson as to question 6 A
"/s/ Edward Duginske 6 B & 7
"/s/ Ervin Stubbe 6 B & 7"

Ten jurors found that Lorna Utecht was not entitled to any damages at all, obviously with the concomitant conclusion that she had suffered no injuries in the accident. Two jurors dissented from this finding. The import of their dissent is that they would have found she was injured and awarded her some damages.

Conversely, ten jurors found that Clarence Utecht was entitled to $1,000 for medical expenses resulting from the collision. Respondents claim this is a fair figure for determining if Lorna Utecht was in fact injured, but this argument leads to an illogical conclusion. Question 6 (a) of the jury verdict was phrased solely in terms of medical expenses arising as a result of Lorna Utecht's injuries. This is made clear by reference to the instructions given to the jury by the trial court, which stated:

"In your answer to subdivision (a) of the sixth question, which concerns the medical expense, you will insert such sum as you find will fairly and reasonably compensate the plaintiff, Clarence Utecht, for medical, hospital and drug expenses necessarily and reasonably required in the treatment of his wife up to this time for

any injuries sustained by her as a natural result of the collision in question and not from any other cause."

In effect, ten jurors in 6 (a) found that Lorna Utecht suffered $1,000 worth of injuries for which Clarence Utecht was legally entitled to compensation. Two jurors dissented as to this conclusion. It is not clear whether those two jurors would have given Clarence Utecht more or less than $1,000. As such, the "only more so" rule of *Lorbecki v. King* (1971), 49 Wis. 2d 463, 182 N. W. 2d 226, is not applicable to this case since it is not conclusive that the two dissenting jurors would have given Clarence Utecht less than $1,000.

Therefore, the jury's answers to questions 6 (a) and 7 are in irreconcilable conflict because while the jury found no injury to Lorna Utecht it awarded Clarence Utecht a $1,000 award, which could validly be based only upon a jury finding that Lorna Utecht was injured.

The defendants-respondents argue that under the statute [2] the five-sixths requirement applies separately and independently to each cause of action and that because the two plaintiffs have separate causes of action the verdict does not offend the statute. This argument might be persuasive in a proper case but here we have determined that the husband's cause of action is derivative and dependent on the wife's cause of action insofar as her claim that she was injured is concerned. The same ten jurors have not agreed she was injured in the accident.

We conclude the verdict is inconsistent and in violation of the five-sixths rule of sec. 270.25 (1), Stats. Therefore a new trial on the issue of damages must be ordered.

*By the Court.*—Judgment reversed and a new trial ordered consistent with the opinion.

---

[2] Sec. 270.25 (1), Stats., footnote 1.