SCHEID, Plaintiff in error, v. STATE, Defendant in error.[*]

*No. State 83. Argued September 4, 1973.—Decided October 30, 1973.*

(Also reported in 211 N. W. 2d 458.)

---

[*] Motion for rehearing denied, without costs, on November 27, 1973.

576

For the plaintiff in error there was a brief by *James H. McDermott,* state public defender, a reply brief by *Howard B. Eisenberg,* state public defender, and oral argument by *Mr. Eisenberg.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.   The incident producing this conviction occurred in La Crosse county on June 13,

1970. The defendant exhibited some playing cards and two films to minors, aged fourteen and sixteen, in the home of one of the minors and during the parents' absence. At arraignment the defendant stood mute and the trial court entered a plea of not guilty. The parties then entered into the following written stipulation:

"1. The testimony given by witnesses at the preliminary examination in the captioned case is the same testimony which would be given by these witnesses at trial. The transcript of this preliminary examination may be used to set forth this testimony.

"2. The items marked Exhibits 1, 2 and 3 during the course of the preliminary examination were on June 13, 1970, at 1305 La Crescent Street, in the city of La Crosse and state of Wisconsin exhibited by the defendant, Robert G. Scheid, to Jeff Russell, at that time a minor 14 years of age, and to Vickie Russell, a minor 16 years of age, and at the same time and place the said Exhibit 3 was exhibited by said defendant to Daniel Potaracke.

"3. Said Exhibits 1, 2 and 3 constitute material within the prohibition of Wisconsin Statutes 944.21 (1) (a), which prohibits the exhibition of lewd, obscene and indecent written matter and film."

On review, the parties extensively argue the merits of the conviction. However, after examining the record, we conclude the merits of the conviction cannot be reached on this review for lack of jurisdiction. The crucial issue is the timeliness of the motions for review.

A complaint was filed June 19, 1970. June 26, 1970, it was dismissed on motion of the defendant for the reason that it did not state probable cause. A new complaint was filed July 1, 1970, and it is this complaint which constitutes the basis for these proceedings.

The provisions of the 1969 Criminal Procedure Code govern these proceedings. Sec. 967.01, Stats., in pertinent part, provided:

". . . This code shall govern all criminal proceedings and is effective July 1, 1970. It applies in all prosecutions commenced on or after that date. . . ."

Defendant argues that the instant prosecution was commenced June 19, 1970, rather than July 1, 1970. Such is not the fact. The June 19th complaint was dismissed for failure to state probable cause. It cannot be said that this action was commenced by the filing of this defective complaint. After this first complaint was dismissed, the state was under no obligation of any nature whatsoever to commence another proceeding.

In *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 45, 139 N. W. 2d 667, this court held that:

"In order to try a person for the commission of a crime, the trial court must have jurisdiction of both the subject matter and the person of the defendant. . . ." [1]

A defect in the issuance of a complaint prevents the exercise of jurisdiction over the person.[2] Moreover, in *State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 442, 173 N. W. 2d 175, it was argued that the magistrate was without jurisdiction to hold a preliminary examination because the complaint failed to recite the essential facts constituting the offense charged. This court explained that:

". . . The test to be applied at this stage is the same as that which is required for the issuance of a warrant:
" '. . . enough information [shall] be presented to the Commissioner to enable him to make the judgment that

[1] *See also:* 21 Am. Jur. 2d, *Criminal Law*, p. 400, sec. 378. In *Raskin, supra,* page 45, it was explained that "Although jurisdiction of subject matter is derived from law and cannot be waived nor conferred by consent, this is not true of jurisdiction over the person. Several Wisconsin cases have held that by entering a plea of not guilty at his arraignment, a defendant has submitted to the jurisdiction of the circuit court over his person. . . ."

[2] *Galloway v. State* (1966), 32 Wis. 2d 414, 145 N. W. 2d 761, 147 N. W. 2d 542.

the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.' *Jaben v. United States* (1965), 381 U. S. 214, 224, 85 Sup. Ct. 1365, 14 L. Ed. 2d 345."

In this case the original complaint was dismissed upon the motion of defense counsel for failing to state probable cause. Similarly, in *Day v. State* (1971), 52 Wis. 2d 122, 124, 125, 187 N. W. 2d 790, a meritorious argument was made by the defendant that the source and reliability of the facts alleged on information and belief were not satisfactorily established to issue a complaint, and this court concluded that:

"While it may be argued the court had no personal jurisdiction over Day based on this complaint and he would have been discharged from custody if objection had been timely made, nevertheless he submitted to the jurisdiction of the court when he did not raise the objection before or at the time he pleaded to the information. This rule of waiver has been applied to arrest warrants, . . . and applies equally well to a defect in or to an objection to the sufficiency of the complaint. . . ."

The defendant in this case did not plead to the defective complaint issued June 19, 1970, but moved for dismissal; therefore, the court never obtained personal jurisdiction over him. Consequently this prosecution cannot be deemed to have been commenced until July 1, 1970, when a proper complaint was issued.

Sec. 974.03, Stats., provides:

"974.03 **Appeals to supreme court; time for taking.** In lieu of prosecuting a writ of error, either party may appeal to the supreme court in the manner provided in civil cases. The service of a notice of appeal or the issuance of a writ of error shall be made within 90 days after the entry of judgment or order appealed from. If a motion for a new trial has been made within the 90-day period, an appeal from the denial of the motion or from the judgment of conviction may be taken within 90 days after pronouncement of the order denying the motion or within 90 days after such motion is deemed overruled."

In this case judgment was entered on February 3, 1971. The writ of error to review this judgment was issued December 10, 1971. It was issued more than ten months after the judgment was entered and well beyond the statutory ninety-day limit. We have no jurisdiction to review.

On June 7, 1971, defendant filed a motion for a new trial which was also not within the ninety-day time limit established by sec. 974.03, Stats. Also, since it was not filed timely, it failed to extend the time limit as provided in sec. 974.03.

[The statutory time limits have an important bearing in a case such as this since the right to appeal a criminal conviction is strictly a statutory right.[3]] * In *Strong v. State* (1967), 36 Wis. 2d 324, 326, 152 N. W. 2d 890, this court considered whether the trial court had jurisdiction to hear or determine a motion for a new trial which was not made within the then established statutory time limit of one year, and concluded that:

"There is no right to a new trial in criminal cases at common law. The statutes, however, provide such a right. The authority of the trial courts to grant motions for a new trial therefore rests entirely upon the statutes, and the power of the courts is restricted by the statutes. . . ."

Moreover, the court held that the time limit of one year contained in sec. 958.06 (1), Stats. 1967, governing motions for a new trial, "goes to the subject-matter jurisdiction of the court over motions for new trials and subject-matter jurisdiction can neither be waived nor conferred on the court." *Strong v. State, supra,* pages 326, 327. The writ in *Strong v. State* was dismissed because the trial court had been without jurisdiction to review the defendant's untimely motion "with the re-

---

[3] *State v. Beals* (1971), 52 Wis. 2d 599, 191 N. W. 2d 221; *State v. Koopman* (1967), 34 Wis. 2d 204, 148 N. W. 2d 671.

* Clarified in memorandum opinion on motion for rehearing, post, p. 583a.

sultant lack of jurisdiction to review a void order here." *Strong v. State, supra,* page 328.

Defendant directs our attention to *Utecht v. Steinagel* (1972), 54 Wis. 2d 507, 196 N. W. 2d 674. However, in *Utecht v. Steinagel, supra,* page 514, the plaintiffs had moved for a new trial in their motions after verdict, but the trial court denied the motion because it had not been made and heard within two months after the verdict had been rendered as required by sec. 270.49, Stats. "The court then entered judgment on the original jury verdict, although the trial judge stated that both plaintiffs should probably have the benefit of a new trial." The plaintiffs then appealed, not from the denial of their motion for a new trial, but, from the verdict regarding the issue of damages. It was this verdict that this court held to be inconsistent with and in violation of the five-sixths rule of sec. 270.25 (1). Therefore, a new trial was ordered on the issue of damages.

Defendant argues that sec. 269.51 (1), Stats., cures any jurisdictional defect which may have existed if the writ of error was improperly issued. In pertinent part, sec. 269.51 (1), provides:

". . . (1) When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court. If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

In *Jaster v. Miller* (1955), 269 Wis. 223, 234, 69 N. W. 2d 265, this court stated:

". . . the language 'the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal *or to the jurisdiction of the appellate court'* cannot be construed to mean that jurisdiction which the court does not otherwise have may be conferred by such waiver. The statute must be held to apply only to such matters as are in their nature appealable. . . ."

In *August Schmidt Co. v. Hardware Dealers Mut. Fire Ins. Co.* (1965), 26 Wis. 2d 517, 521, 522, 133 N. W. 2d 352, it was held:

". . . The language in *Jaster v. Miller* (1955), . . . to the effect that parties cannot either by failure to raise the question or by consent confer jurisdiction upon this court to review an order which is not appealable, has been qualified by the amendment to sec. 274.11 (4) and by recent decisions of this court. It is now established that although no proper notice of appeal has been served *if an appealable order or judgment has been entered* a respondent by participating in this court in the review of the merits of the judgment without making an appropriate and timely objection to the jurisdiction over his person waives the objection. . . ." (Emphasis supplied.)

In *Henry v. Beattie* (1968), 40 Wis. 2d 704, 708, 162 N. W. 2d 613, the appeal was dismissed and it was emphasized that "[e]ven under this modification, however, an appealable order or judgment must be involved in the case before this court has jurisdiction."

*Ronzani v. State* (1964), 24 Wis. 2d 512, 129 N. W. 2d 143, is distinguishable because in that case the lower court had jurisdiction and the statute was held to have cured the mere technical error of attempting to have two judgments reviewed by one writ of error.

Since the lower court in this case was without jurisdiction to entertain the defendant's untimely motions, it follows that this court is without jurisdiction to review the lower court's void order denying those motions.

It is also suggested that this court acquired jurisdiction because the two writs of error were issued. We would respond to this argument by stating that a review of the record reflects the writs were improvidently issued.

Defendant submits that even if this court concludes it is without jurisdiction to review the judgment and the order denying the motion for a new trial, which we do, that this court should consider the motion for a new trial to have been a motion for postconviction relief under sec. 974.06, Stats. This we are not inclined to do. If we were to do so, it would result in a complete abrogation of the limitations prescribed by the legislature in sec. 974.03 by judicial fiat.

*By the Court.*—Writs dismissed.

The following memorandum was filed November 27, 1973.

PER CURIAM *(on motion for rehearing).* The only issue before the court was the timeliness of the issuance of the writs of error. However, on reconsideration, we conclude that the statement, "The statutory time limits have an important bearing in a case such as this since the right to appeal a criminal conviction is strictly a statutory right," may be interpreted to hold that the right to appeal in any criminal case is a statutory right only. Art. I, sec. 21, of the Wisconsin Constitution provides that, "Writs of error shall never be prohibited by law." This we conclude gives the constitutional right of appeal in criminal cases of a nature that were appealable at the time of adoption of the constitution. Any language appearing in previous cases that appears to hold that all right of appeal is statutory only is withdrawn.

The time, however, within which an appeal may be taken or a writ of error issued is statutory, and the failure to timely act deprives this court of subject matter jurisdiction. (Rehearing denied.)