STATE, Respondent, v. VAN DUYSE, Appellant.

*No. State 126.   Argued October 31, 1974.—Decided January 7, 1975.*
(Also reported in 224 N. W. 2d 603.)

For the appellant there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

DAY, J. This is an appeal from a judgment of conviction and sentence entered by the trial court on June 18, 1973, following a jury verdict finding the defendant guilty of 10 counts of fraud in the sale of securities in violation of sec. 551.41 (3), Stats.[1]

We must first decide the issue, raised by the state, as to whether or not this court has jurisdiction to entertain this appeal. We conclude that we do not for the reason that the appeal was not perfected within the time required by statute.

Francis D. Van Duyse, defendant-appellant, chose to represent himself throughout the trial court proceedings despite the fact the court advised him on several occasions of his right to counsel and of the desirability of having counsel. At the trial, Mr. Van Duyse did have the assistance of standby counsel. Mr. Van Duyse attempted to take this appeal on his own, because he would not accept the court-appointment of an attorney from Waukesha county. This court appointed the state public defender to represent Mr. Van Duyse on February 6, 1974, after the appeal record had been filed in this court.

The time for serving a notice of appeal in a criminal case is set by sec. 974.03, Stats.[2] The manner of appeal is set forth in sec. 274.11 (1).[3]

---

[1] "551.41 **Sales and purchases.** It is unlawful for any person, in connection with the offer, sale or purchase of any security in this state, directly or indirectly:

". . .

"(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person."

[2] "974.03 **Appeals to supreme court; time for taking.** In lieu of prosecuting a writ of error, either party may appeal to the

The record in this case shows that the judgment of conviction was entered on June 18, 1973. The last day for filing and serving the notice of appeal was Monday, September 17, 1973. The defendant did file a notice of appeal in the county court of Waukesha county on Friday, September 14, 1973.

On May 29, 1974, the attorney general filed a motion to dismiss this appeal, alleging this court lacked jurisdiction to hear the appeal because no notice of appeal had been served on the state or its attorneys. The defendant filed a counteraffidavit in which he stated that on or about September 28, 1973, he mailed a copy of the notice of appeal to the attorney general.

On June 24, 1974, this court denied the state's motion to dismiss with leave to reassert it in the state's brief on the merits. This, the state has done.

Assuming the mailing of the notice of appeal was made by the defendant on September 28, 1973, this was 102 days after the entry of judgment and fails to comply

---

supreme court in the manner provided in civil cases. The service of a notice of appeal or the issuance of a writ of error shall be made within 90 days after the entry of judgment or order appealed from. If a motion for a new trial has been made within the 90-day period, an appeal from the denial of the motion or from the judgment of conviction may be taken within 90 days after pronouncement of the order denying the motion or within 90 days after such motion is deemed overruled."

[3] "274.11 **Appeal, how taken and perfected; notice; costs.** (1) An appeal is taken by serving a notice of appeal signed by the appellant or his attorney on each party adverse to him upon the appeal who appeared in the action or proceeding, and by filing a notice of appeal with the clerk of the court in which the judgment or order appealed from is entered. The notice shall state whether the appeal is from the whole of the judgment or order or from a part thereof, and if from a part only, shall specify the part appealed from. On appeals from a judgment the appellant shall serve the notice of appeal upon all parties bound by the judgment who have appeared in the action. All notices of appeal shall contain the names and addresses of counsel, if known, for all parties upon whom service is required."

with the statutory mandate of sec. 974.03, Stats., that ". . . service of a notice of appeal . . . shall be made within 90 days after the entry of judgment . . . ." No service was made on either the district attorney or the special prosecutor in the case. Service should have been made on the district attorney since it was that office, through a special prosecutor, that tried the case for the state.[4]

We are bound by the statute, sec. 274.11 (1), which provides "An appeal is taken by serving a notice of appeal . . . on each party adverse to him . . . and by filing a notice of appeal with the clerk of the court in which the judgment . . . appealed from is entered."

As this court said in *Bublitz v. Matulis* (1967), 34 Wis. 2d 23, 24, 148 N. W. 2d 64:

"In 1963 this court changed the appeal procedure and required service of the notice of appeal upon the adverse party and the filing thereof with the clerk of the court rather than service upon him. Both of these acts must be done within the prescribed time period to constitute a taking of an appeal. Since this procedure was not followed, the appeal was not timely taken and must be dismissed."

The state calls our attention to this court's holding in the criminal case of *Scheid v. State* (1973), 60 Wis. 2d 575, 583a, 211 N. W. 2d 458. In a per curiam decision denying a motion for rehearing, this court said:

"The time, however, within which an appeal may be taken or a writ of error issued is statutory, and the failure to timely act deprives this court of subject matter jurisdiction."

---

[4] "269.37 Service on attorney; when service not required. When a party to an action or proceeding shall have appeared by an attorney the service of papers shall be made upon the attorney. When a defendant shall not have appeared in person or by attorney service of notice or papers in the ordinary proceedings in an action need not be made upon him unless he be imprisoned for want of bail."

We conclude the holding in *Scheid* is correct insofar as it holds that timeliness of an appeal goes to our jurisdiction. However, it is jurisdiction over the parties that failure to file and serve notice of appeal on time calls in question. It does not go to subject matter jurisdiction. Sec. 274.11 (4), Stats.,[5] makes it clear that this court has subject matter jurisdiction from the time an appealable order or judgment is entered. *Gallagher v. Schernecker* (1973), 60 Wis. 2d 143, 146, 208 N. W. 2d 437. We hold that the statute applies to criminal as well as civil cases. That part of *Scheid* which holds we lose subject matter jurisdiction when the filing or serving of a notice of appeal is not within the time fixed by statute is overruled.

This court has consistently dismissed appeals or writs of error in criminal cases where the defendant failed to timely act pursuant to the requirements of the appeals statutes. In *State v. Mabra* (1974), 61 Wis. 2d 613, 213 N. W. 2d 545, this court held that an appeal from a judgment of conviction which came twenty-three and one-half months after entry of judgment was "too late." The statutory limit for appeal at that time was one year. In *State v. Simmons* (1973), 57 Wis. 2d 285, 289, 203 N. W. 2d 887, appeals from judgments of conviction and sentence were dismissed because of failure to act timely. As the court said, ". . . no matter how meritorious the appeal from these judgments might have been, this court lacks jurisdiction to review either judgment." In *State v. Mansfield* (1972), 55 Wis. 2d 274, 198 N. W. 2d 634, an appeal from a judgment of conviction was dismissed where it came more than five months after entry of such

---

[5] "274.11   Appeal, how taken and perfected; notice; costs. . . .

"(4) The right of appeal shall exist from the time of entry of the appealable order or judgment and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements of subs. (1), (2) and (3) and of this chapter shall relate only to the jurisdiction of the court over the parties to the appeal."

judgment. This court again granted a dismissal of an untimely appeal from a judgment of conviction in *State v. Charette* (1971), 51 Wis. 2d 531, 187 N. W. 2d 203. *See also: State v. Wollmer* (1970), 46 Wis. 2d 334, 174 N. W. 2d 491.

Counsel for the defendant argues that the state has waived this court's lack of jurisdiction over the state under sec. 269.51 (1), Stats.[6] It is the defendant's contention the retention of appellant's brief constituted "taking or participating in . . . proceedings . . ." in this court. Defendant cites *Estate of White* (1950), 256 Wis. 467, 41 N. W. 2d 776. In *White* this court said, page 471:

"The record shows that respondent, White, by his attorneys, Donovan, Gleiss, Goodman, Breitenfield & Gleiss, admitted service of appellants' brief and appendix on December 7, 1949, and on the same day respondent Austin [administrator], by the same attorneys, admitted like service. No motion was made to dismiss the appeal until December 22, 1949, when respondent administrator so moved. The record does not show that the briefs were ever returned or that the service was repudiated or that White has done anything herein after counsel admitted service of the brief as his attorney. Such acceptance and retention of briefs was held to be a participation in proceedings in the appellate court in *Maas v. W. R. Arthur & Co.* (1942), 239 Wis. 581, 2 N. W. (2d) 238. There the

---

[6] "269.51 **Irregularities and lack of jurisdiction waived on appeal; jurisdiction exercised; transfer to proper court.** (1) When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court. If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

respondent also took part in settling the bill of exceptions, but that is a proceeding in the trial court *(Kitchenmaster v. Mutual Automobile Ins. Co.* (1946), 248 Wis. 335, 338, 21 N. W. (2d) 727), and as such has no influence on the question."

More recent cases where waiver has been found involved more than mere retention of briefs. In *Estate of Bobo* (1957), 275 Wis. 452, 456, 82 N. W. 2d 328, the respondent did not file a motion to dismiss but argued the point of lateness of the appeal on its brief. This court refused to dismiss the appeal and held the respondent by its actions had participated in the appeal and had waived lack of jurisdiction under sec. 269.51, Stats. In *Guardianship of Barnes* (1957), 275 Wis. 356, 359, 82 N. W. 2d 211, this court refused to grant a motion to dismiss an appeal where the respondent had accepted and retained both a notice of appeal and appellant's brief and said respondent "not only accepted and retained the briefs of the appellant but filed its own brief that contained arguments on the merits." In *August Schmidt Co. v. Hardware Dealers Mut. Fire Ins. Co.* (1965), 26 Wis. 2d 517, 522, 133 N. W. 2d 352, this court held that filing of briefs raising the issue of timeliness for the first time waived the objection. In *Milwaukee v. Christopher* (1969), 45 Wis. 2d 188, 172 N. W. 2d 695, an objection to the timeliness of the appeal was deemed waived where it was raised for the first time at oral argument. Similarly, in *Vande Hei v. Vande Hei* (1968), 40 Wis. 2d 57, 161 N. W. 2d 379, respondents waived any defective service of notice of appeal when they fully argued the merits, did not challenge this court's jurisdiction, and made no motion to dismiss. These more recent cases have pointed out additional factors constituting waiver by respondent prior to requesting dismissal. In the instant case, the state did raise objection by motion to dismiss the appeal prior to requesting an extension of time to file its brief.

We hold that mere retention of appellant's brief prior to making a motion to dismiss is not participation in the appeal under sec. 269.51, Stats., and does not constitute a waiver of objection to jurisdiction. The holdings in *White* and *Maas* that mere retention of briefs constitutes participation in the appeal process are overruled.

Defendant in his affidavit referred to above states ". . . that four (4) copies of the appeal were delivered to the Waukesha County Courthouse in the presence of my wife to responsible officials with the understanding that they would deliver them to the proper parties." No mention is made as to whom the "responsible officials" were or whom the "proper parties" were that were to be served. This is not a proper substitute for service on attorneys for the state as required by statute.

Counsel for the defendant argues that waiver by the state resulted because the state had actual knowledge that an appeal had been filed. The assistant district attorney for Waukesha county was present at a hearing held in the county court on December 27, 1973, at which Mr. Van Duyse stated that he had appealed. The defendant also points out that the special prosecutor signed a stipulation for the approval of transcripts on March 28, 1974. The defendant contends that under sec. 269.51 (1), Stats., this constitutes "taking or participating in any other proceedings in said appellate court." However, both of these instances constitute proceedings in the trial court and do not amount to participating in proceedings in the appellate court under sec. 269.51 (1). *See Rachlin v. Drath* (1965), 26 Wis. 2d 321, 326, 132 N. W. 2d 581.

The defendant finally argues any failure to serve the notice of appeal is cured because under sec. 269.51 (1), Stats., he acted "in good faith" in bringing this appeal.

Again we are bound by the statute and the statute states that if an appeal is attempted in good faith "the

court may allow any defect or omission in the appeal papers to be supplied . . . with the same effect as if the appeal had been originally properly taken." The problem here is not a defect or omission in the appeal papers. The problem here is a failure to meet the statutory requirement of both a filing in the trial court and a service of notice of appeal on the state. As this court stated in *Monahan v. Department of Taxation* (1963), 22 Wis. 2d 164, 169, 170, 125 N. W. 2d 331:

". . . where a statute requires that service of a notice of appeal be made within a certain specified time and this has not been done, the above-quoted provision of sec. 269.51 (1) [good faith] cannot be resorted to for the purpose of curing the defect. This is because the service of the notice within the required time is a prerequisite of the appellate court's obtaining jurisdiction to act in the absence of some other statutory provision conferring such jurisdiction. . . ."

We find no other statutory provision that confers such jurisdiction,[7] given the record in this case.

*By the Court.*—Appeal dismissed.

---

[7] "269.45 **Enlargement of time.** (1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal.

"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."