STATE, Plaintiff-Respondent, v. KASUBOSKI, and another, Defendants-Appellants.

No. 77-342-CR.—Decided June 6, 1978.

(Also reported in 266 N. W. 2d 433.)

For appellants: *Charles* and *Mary Ann Kasuboski* of Omro, *pro se.*

For respondent: *Bronson C. La Follette,* attorney general, *Wm. L. Gansner,* assistant attorney general, and *Leo W. Mack,* District Attorney of Winnebago County.

*PER CURIAM.*

The state has moved to dismiss the appeal from a circuit court affirmance of a county court's finding of guilt in a misdemeanor case, after a jury trial and verdict of guilty. Defendants were charged with violation of the compulsory school attendance law, sec. 118.15 (1) (a), Stats. After the jury returned its verdict, County Judge Thomas S. Williams pronounced defendants guilty on December 7, 1976, and informed them of their appeal rights. He ordered a pre-sentence investigation and scheduled sentencing for January 3, 1977. On December 15, 1976, defendants filed a notice of appeal. The record was sent to the circuit court for Winnebago county, and the case was assigned to Circuit Judge Edmund P. Arpin. Judge Arpin rendered a written decision which was entered of record on July 15, 1977. This decision states that the judgments of the trial court are affirmed and the case is remanded to the county court for sentencing. On July 22, 1977, defendants served and filed a notice of appeal to this court. We deny the state's motion to dismiss this latest appeal.

The state advances two arguments in support of its motion to dismiss. The first is that this court has no jurisdiction, because an appealable decree of the circuit court for Winnebago county has not been entered. A written decision has the effect of an order or judgment if the trial court contemplates that no additional formal document will be entered with respect to the matter covered in the decision. If the decision has the effect of an appealable order or judgment, it is appealable itself upon entry. *Barneveld State Bank v. Petersen,* 68 Wis.2d 26, 227 N.W.2d 690 (1975). Judge Arpin's decision in this case was intended to have the effect of a decree of affirmance. As the adjudication of the circuit

court in a misdemeanor case, it is appealable to the supreme court. Sec. 974.01(1), Stats.

The state's second argument is that the circuit court for Winnebago county never acquired jurisdiction of the appeal from the county court, because there was no judgment of the county court in writing, and therefore, no judgment was ever entered. The state relies on Sec. 817.11(4), Stats., providing that the supreme court obtains jurisdiction of the subject matter of an action upon entry of an appealable order or judgment.

Sec. 817.11(4), Stats., is applicable to criminal as well as civil cases. *State v. Van Duyse,* 66 Wis.2d 286, 224 N.W.2d 603 (1975). However, sec. 817.11(4) is not applicable to an appeal governed by a statute which prescribes an event other than entry as commencing the time for appeal. In *de Montigny v. de Montigny,* 70 Wis. 2d 131, 233 N.W.2d 463 (1975), the appeal was from a written decision directing entry of an amended divorce judgment with respect to custody. Under sec. 247.37(4), Stats. the time for appeal from the judgment began to run on the date when the judgment was granted. The notice of appeal was served and filed before the amended judgment was entered of record. This court held that the granting of the judgment, which was accomplished by the memorandum decision, was the appealable event, inasmuch as it made the time for appeal commence.

The *de Montigny* case illustrates the operation of a specific statute, sec. 247.37(4), Stats., as an exception to the general statute, sec. 817.11(4). The reason entry is necessary in order to confer subject matter jurisdiction of an appeal is that it is the appealable event, the act that triggers the running of the time for appeal. When there is a different appealable event, the appellate court acquires jurisdiction of the subject matter of the appeal when that event takes place. If this were not so, the

time for appeal could expire before subject matter jurisdiction was acquired.

Sec. 974.01(1), Stats., provides that appeals from county court in a misdemeanor case are made to the circuit court on the record. Sub. (2) of the same statute provides:

"Within 15 days after judgment, appeal may be taken to the circuit court by filing a notice of appeal with the clerk of the trial court and by serving notice of appeal on the opposing party or his attorney."

Prior to its amendment by ch. 298 of the Laws of 1971, sub. (2) read: "Within 15 days after judgment *or entry of the order appealed from . . .*" (emphasis supplied). Prior to amendment the statute did not contemplate entry of a judgment before the time for appeal began to run. The amendment, removing orders from the appellate-jurisdiction of the circuit court, did not change the meaning of the statute as to the time for appeal from a judgment.

Sec. 967.02(8), Stats. defines judgment for purposes of procedure in criminal cases as an adjudication by the court that the defendant is guilty or not guilty. That adjudication was made in this case when Judge Williams pronounced the defendants guilty. This pronouncement was the appealable event, because there is no requirement of entry before the time for appeal on a misdemeanor case begins to run. Accordingly, we conclude that the circuit court for Winnebago county had subject matter jurisdiction to review the adjudication of guilt in this case, and we deny the state's motion to dismiss the appeal.